STATE OF NEBRASKA EX REL.
NEBRASKA STATE BAR ASSOCIATION, RELATOR, V.
ANDREI G. HOWZE, RESPONDENT.
618 N.W.2d 663

Filed October 20, 2000.    No. S-00-074.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## NATURE OF CASE

Formal charges were filed by the Committee on Inquiry of the Second Disciplinary District of relator Nebraska State Bar Association (NSBA), alleging two counts of attorney misconduct against respondent, Andrei G. Howze, who was admitted to the practice of law in the State of Nebraska on March 20, 1989. On September 11, 2000, Howze entered his appearance and acknowledged receipt of the summons and formal charges in the above-captioned matter. On September 14, Howze filed his

answer, admitting each and every allegation contained in the formal charges. On that same date, the NSBA filed a motion for judgment on the pleadings. We grant the motion for judgment on the pleadings and now enter a judgment of disbarment.

## STATEMENT OF FACTS

Count I of the formal charges states, inter alia, that Howze settled a personal injury case for his client Rosalie Williams and that following the settlement, Howze retained funds for the purpose of paying $309.50 to Ihle Chiropractic for services rendered to Williams. The formal charges further allege that Howze failed to pay Ihle Chiropractic the funds he was holding for payment of Williams' account. Upon receipt of a complaint filed by Susan Ihle of Ihle Chiropractic with the office of the Counsel for Discipline, Howze sent a cashier's check, and not an attorney trust account check, to Ihle in the amount of $329.50. Count I further states that Howze failed to maintain sufficient funds in his attorney trust account to pay the claim of Ihle Chiropractic for the benefit of Williams. Finally, count I states that despite repeated requests, Howze failed to provide to the office of the Counsel for Discipline an explanation regarding Williams' funds or any trust account records.

As a result of these actions, the formal charges state that Howze violated his oath of office as an attorney and the following provisions of the Code of Professional Responsibility:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

. . . .

DR 6-101 Failing to Act Competently.

(A) A lawyer shall not:

. . . .

(3) Neglect a legal matter entrusted to him or her.

. . . .

DR 9-102 Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or law firm shall be deposited in one or more identifiable bank or savings and loan association accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay account charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

(B) A lawyer shall:

. . . .

(3) Maintain complete records of all funds, securities, and other properties of a client coming into the possession of the lawyer and render appropriate accounts to the client regarding them.

(4) Promptly pay or deliver to the client as requested by a client the funds, securities, or other properties in the possession of the lawyer which the client is entitled to receive.

Count II of the formal charges states, inter alia, that Howze was hired by Stephen Neal to represent Neal in a personal injury matter. The formal charges state that Howze obtained a settlement for Neal and retained settlement proceeds in the amount of $2,074.34 to pay two medical providers who had filed liens. Howze failed to pay the medical providers and did not repay Neal or Neal's medical providers until December 1999, after Neal filed a complaint with the office of the Counsel for Discipline on June 10, 1999.

As a result of these actions, the formal charges state that Howze violated his oath of office as an attorney and the following provisions of the Code of Professional Responsibility as set forth above: Canon 1, DR 1-102(A)(1) and (4); Canon 6, DR 6-101(A)(3); Canon 9, DR 9-102(A)(1) and (2) and (B)(3) and (4). The formal charges relating to count II also allege a vio-

lation of DR 1-102(A)(6), which provides that a lawyer shall not "[e]ngage in any other conduct that adversely reflects on his or her fitness to practice law."

## ANALYSIS

██ Pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 2000), "if the answer raises no issue of fact or of law, the matter may be disposed of by the Court on its own motion or on a motion for judgment on the pleadings." We find that the requirements of rule 10(I) have been satisfied and see no reason why a judgment on the pleadings should not be granted.

██ To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. NSBA v. Mefferd*, 258 Neb. 616, 604 N.W.2d 839 (2000). Each case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case. *Id.*

██ This case presents the misappropriation or commingling of client funds. "Absent mitigating circumstances, the appropriate discipline in cases of misappropriation or commingling of client funds is disbarment." *State ex rel. NSBA v. Malcom*, 252 Neb. 263, 272, 561 N.W.2d 237, 243 (1997). The fact that the client did not suffer any financial loss does not excuse an attorney's misappropriation of client funds and does not provide a reason for imposing a less severe sanction. *State ex rel. NSBA v. Gridley*, 249 Neb. 804, 545 N.W.2d 737 (1996). Mitigating factors overcome the presumption of disbarment in misappropriation and commingling cases only if they are extraordinary. *Id.*

██ In considering the appropriate sanction for Howze's actions, we note that the propriety of a sanction must be considered with reference to the sanctions we have imposed in prior similar cases. See *State ex rel. NSBA v. Mefferd, supra.* In *State ex rel. NSBA v. Malcom, supra*, we disbarred an attorney who was out of trust with his clients several times and who offered

insufficient evidence of mitigating circumstances. Similarly, in *State ex rel. NSBA v. Gridley, supra,* we disbarred an attorney who, on several occasions, misappropriated client funds and, when charged with violating attorney disciplinary rules, offered no evidence of mitigating circumstances. But see *State ex rel. NSBA v. Bruckner,* 249 Neb. 361, 543 N.W.2d 451 (1996) (1-year suspension ordered based on isolated nature of incident, attorney's longstanding participation in bar association matters, affidavits which attested to attorney's good reputation in community and competence to practice law, and attorney's full and complete cooperation with office of Counsel for Discipline). In the present case, we are unable to find any mitigating circumstances which would overcome the presumption of disbarment. Howze was out of trust with his clients, failed to remit client funds when asked, and failed to cooperate with the office of the Counsel for Discipline. He has admitted violating numerous disciplinary rules as well as his oath of office as an attorney. The record in this matter contains no evidence of a mitigating circumstance, much less a mitigating circumstance of an extraordinary nature sufficient to overcome the presumption of disbarment.

When we balance the nature of Howze's actions with the need to protect the public, the need to deter others from similar conduct, the reputation of the bar as a whole, and Howze's privilege to practice law, we can only conclude that the appropriate judgment is to disbar Howze. Accordingly, we grant the motion for judgment on the pleadings and enter a judgment of disbarment.

The Clerk of the Supreme Court is directed to cause a copy of this opinion and judgment of disbarment to be served upon Howze by certified U.S. mail.

JUDGMENT OF DISBARMENT.