STATE OF NEBRASKA EX REL. SPECIAL COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
PETER R. BRINKER, RESPONDENT.

648 N.W.2d 302

Filed July 26, 2002.   No. S-01-690.

Hendry, C.J., Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Per Curiam.

## INTRODUCTION

On June 19, 2001, formal charges were filed by the office of the Special Counsel for Discipline of the Nebraska Supreme Court, relator, against respondent, Peter R. Brinker. Amended formal charges were filed on January 8, 2002. Respondent's answer disputed the allegations. A referee was appointed and heard evidence. The referee filed a report on May 10, 2002. With respect to counts I and II of the amended formal charges, the referee concluded that respondent's conduct had breached disciplinary rules of the Code of Professional Responsibility and his oath as an attorney. See Neb. Rev. Stat. § 7-104 (Reissue 1997). The referee recommended disbarment. Neither relator nor respondent filed exceptions to the referee's report.

## FACTS

The substance of the referee's findings may be summarized as follows:

Respondent was admitted to the practice of law in the State of Nebraska on December 24, 1980. He has practiced in Omaha.

Count I involves respondent's conduct in the handling of a client's settlement proceeds which had been set aside to satisfy a physician's lien, as well as respondent's conduct during the Counsel for Discipline's investigation into a grievance regarding the same funds. The detailed facts underlying count I as found by the referee are not disputed by the parties and are not repeated here. In sum, the facts show that respondent represented a client in a personal injury claim and in the course of such representation, executed a physician's lien with a chiropractor who had treated the client. When the personal injury claim was settled and a portion of the settlement proceeds were set aside to satisfy the lien, respondent deposited the funds into a bank account which was not his attorney trust account and failed and refused to satisfy the lien, despite repeated requests from the chiropractor's office and its bill collection agency. When the chiropractor's office filed a grievance against

respondent with the Counsel for Discipline's office, respondent denied representing the client and denied receipt of the settlement proceeds until he was confronted with information provided by another attorney, whose response detailed respondent's involvement. Respondent also failed to provide an accounting for the funds and failed to file a timely and appropriate response to the grievance. The referee found by clear and convincing evidence that as a result of respondent's conduct, respondent had violated Canon 1, DR 1-102(A)(1) (disciplinary rule violation), DR 1-102(A)(4) (dishonesty or deceit), and DR 1-102(A)(6) (conduct adversely reflecting on fitness to practice law); Canon 6, DR 6-101(A)(3) (neglect); Canon 9, DR 9-102(A) (handling client funds); Neb. Ct. R. of Discipline 9(E) (rev. 2001) (requiring response to grievance); and the attorney's oath of office.

Count II involves respondent's failure to deposit the settlement funds discussed above into an attorney trust account and respondent's failure to file the required affidavit regarding his attorney trust account. The detailed facts underlying count II as found by the referee are not disputed by the parties and are not repeated here. In sum, the facts show that in addition to respondent's failure to deposit the settlement funds into his attorney trust account, during the years 1993 through 1998, respondent did not file with the Nebraska State Bar Association affidavits identifying a trust account or accounts into which he deposited client funds or affidavits stating that he did not expect to receive client funds. The referee found by clear and convincing evidence that as a result of respondent's conduct, respondent had violated Neb. Ct. R. of Trust Accounts and Blanket Bonds 1 (rev. 2001) and 4 (rev. 2002) and the attorney's oath of office.

In his report, the referee specifically found by clear and convincing evidence that respondent had violated the disciplinary and trust account rules recited above and his oath of office as an attorney. With respect to the sanction which ought to be imposed for the foregoing violations, and considering the mitigating and aggravating factors the referee found present in the case, the referee recommended that respondent be disbarred from the practice of law.

## ANALYSIS

In view of the fact that neither party filed written exceptions to the referee's report, relator filed a motion for judgment on the pleadings, under Neb. Ct. R. of Discipline 10(L) (rev. 2001). When no exceptions are filed, the Nebraska Supreme Court may consider the referee's findings final and conclusive. *State ex rel. Counsel for Dis. v. Apker*, 263 Neb. 741, 642 N.W.2d 162 (2002). Based upon the findings in the referee's report, which we consider to be final and conclusive, we conclude the formal charges are supported by clear and convincing evidence.

A proceeding to discipline an attorney is a trial de novo on the record. *Apker, supra.* To sustain a charge in a disciplinary proceeding against an attorney, a charge must be established by clear and convincing evidence. *Id.* Violation of a disciplinary rule concerning the practice of law is a ground for discipline. *Id.*

Based on the record and the undisputed findings of the referee, we find that the above-referenced facts have been established by clear and convincing evidence. Based on the foregoing evidence, we conclude that by virtue of respondent's conduct, respondent has violated DR 1-102(A)(1), (4), and (6); DR 6-101(A)(3); DR 9-102(A); Neb. Ct. R. of Discipline 9(E); and Neb. Ct. R. of Trust Accounts and Blanket Bonds 1 and 4. We further conclude that respondent has violated the attorney's oath of office. See § 7-104.

We have stated that " '[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.' " *State ex rel. NSBA v. Frank*, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that " '[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.' " *State ex rel. NSBA*

*v. Frank*, 262 Neb. at 304, 631 N.W.2d at 490 (quoting *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Frank, supra*; *State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following facts: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Apker, supra*; *State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002).

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *Apker, supra*; *State ex rel. NSBA v. Abrahamson*, 262 Neb. 632, 634 N.W.2d 462 (2001).

The evidence in the present case establishes, inter alia, that respondent's conduct with respect to these matters violated several disciplinary and trust account rules and his oath of office as an attorney. Factors weighing against respondent include his misrepresentation of the truth during the disciplinary proceeding, his failure to cooperate during the disciplinary proceeding, and his lack of remorse. The referee concluded there were no "mitigating circumstances" and recommended disbarment as a result of respondent's improper handling of client funds, numerous trust account rule violations, and misrepresentations to the Counsel for Discipline. We have previously disbarred an attorney who, like respondent, had violated trust account rules, mishandled client funds, and failed to cooperate with the Counsel for Discipline. *State ex rel. NSBA v. Howze*, 260 Neb. 547, 618 N.W.2d 663 (2000) (noting lack of mitigating circumstances).

We have considered the record, the findings which have been established by clear and convincing evidence, and the applicable law. Upon due consideration, the court agrees with the referee's recommendation and finds that respondent should be disbarred from the practice of law in the State of Nebraska.

## CONCLUSION

The motion for the judgment on the pleadings is granted. It is the judgment of this court that respondent should be disbarred from the practice of law in the State of Nebraska, and we therefore order respondent disbarred, effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. § 7-114 (Reissue 1997) and Neb. Ct. R. of Discipline 23 (rev. 2001).

JUDGMENT OF DISBARMENT.