STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR, V.
CHERYL LECHNER, RESPONDENT.

670 N.W.2d 457

Filed October 31, 2003.  No. S-03-487.

---

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This is an action brought by the Counsel for Discipline of the Nebraska Supreme Court, relator, seeking the imposition of discipline against respondent, Cheryl Lechner, a member of the Nebraska State Bar Association. Respondent was formally charged with violating certain disciplinary rules and her oath of office as an attorney. Respondent did not file an answer or otherwise respond

to the formal charges. Relator moved for judgment on the pleadings pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 2001) and requested that this court enter an appropriate sanction. We determine that the requirements of rule 10(I) have been satisfied. Therefore, we grant relator's motion for judgment on the pleadings and order that respondent be disbarred.

## STATEMENT OF FACTS

The substance of the allegations contained in the formal charges may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska on September 24, 1996. On May 1, 2003, formal charges were filed by relator against respondent. Count I alleges that on January 9, 2002, respondent was retained by William Kruger to initiate dissolution of marriage proceedings and that Kruger paid respondent $1083 in advance for her fees and costs. Respondent did file the dissolution action and did meet with Kruger once. Thereafter, however, despite Kruger's repeated attempts to communicate with respondent at her office, on the telephone, or by e-mail, respondent failed to contact Kruger. On May 2, Kruger hired new counsel to represent him in the dissolution proceedings. Respondent has failed to refund any of the fees or costs advanced by Kruger. The formal charges allege that respondent's actions constitute a violation of respondent's oath as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997), and the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1) (violate disciplinary rule); Canon 2, DR 2-110(A)(2) (withdraw from employment) and DR 2-110(A)(3) (refund fees); Canon 6, DR 6-101(A)(3) (neglect); Canon 7, DR 7-101(A)(2) (fail to carry out contract of employment); and Canon 9, DR 9-102(A) (deposit client funds in account), DR 9-102(B)(3) (maintain records of funds), and DR 9-102(B)(4) (return funds to client).

Count II alleges that on or about August 8, 2001, Terri Kurtenbach retained respondent to finalize Kurtenbach's divorce, paying her $600 in advanced fees. Thereafter, Kurtenbach did not hear from respondent for approximately 2 months. On October 3, Kurtenbach drove to respondent's office and found a note on the door indicating the respondent had moved her office to a new location. Kurtenbach drove to the new location and found the

office locked. Kurtenbach slid a note under the door requesting that respondent contact her. In mid-November, respondent contacted Kurtenbach and promised to send a letter that same day to Kurtenbach's former husband. It appears, however, that respondent did not send the letter until December 6. Eventually, Kurtenbach's former husband sent respondent a check for a portion of the proceeds from the sale of the marital home. When Kurtenbach contacted respondent regarding the check, respondent indicated that she would wait 1 week and then file a motion for the balance of the proceeds. Thereafter, despite repeated telephone calls, Kurtenbach was never able to contact respondent. The formal charges allege that respondent's actions constitute a violation of respondent's oath as an attorney and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), DR 2-110(A)(2) and (3), DR 6-101(A)(3), DR 7-101(A)(2), DR 9-102(A), and DR 9-102(B)(3) and (4).

Count III alleges that Jodei Oltman retained respondent to represent her in a child support and custody proceeding. On December 19, 2001, a trial was held at which respondent appeared, and at the conclusion of the trial, the trial judge directed respondent to prepare a judgment in accordance with the trial court's ruling pronounced in court. Respondent failed to prepare the judgment. Oltman repeatedly attempted to contact respondent but was never able to speak with her. The formal charges allege that respondent's actions constitute a violation of respondent's oath as an attorney and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), DR 2-110(A)(2), DR 6-101(A)(3), DR 7-101(A)(2), and DR 7-106(A) (disregard court ruling).

Count IV alleges that beginning in 1999, respondent represented Merlin Kidwiler in a dissolution of marriage action, for which Kidwiler paid respondent $3000. As part of the dissolution proceedings, respondent needed to prepare a qualified domestic relations order (QDRO) to effect Kidwiler's interest in his former spouse's pension plan. Kidwiler repeatedly attempted to contact respondent to have her prepare the QDRO. In April 2002, Kidwiler drove from Missouri to respondent's office to speak with respondent concerning the QDRO. After respondent finally answered Kidwiler's knocking on her office door, respondent

informed him that she had been ill but would work on the QDRO. Respondent never prepared the QDRO. The formal charges allege that respondent's actions constitute a violation of respondent's oath as an attorney and the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), DR 2-110(A)(2), DR 6-101(A)(3), and DR 7-101(A)(2).

Under rule 10(H), respondent has 30 days from the date of service of the formal charges to file an answer. The court file reflects that respondent was served by publication of notice after relator, despite repeated attempts, was unable to contact or locate respondent in order to obtain personal service. The court file further reflects that respondent did not file an answer to the formal charges stated above. On September 12, 2003, relator moved for judgment on the pleadings pursuant to rule 10(I).

## ANALYSIS

Rule 10(I) provides that if no answer is filed "within the time limited therefor," the matter may be disposed of by the court on its own motion or on a motion for judgment on the pleadings. We determine that the requirements of rule 10(I) have been satisfied, and therefore, we grant the relator's motion for judgment on the pleadings. The failure of a respondent to answer the formal charges subjects the respondent to a judgment on the formal charges filed. See *State ex rel. NSBA v. Mahlin*, 252 Neb. 985, 568 N.W.2d 214 (1997). We conclude that by virtue of respondent's conduct, respondent has violated the following provisions of the Code of Professional Responsibility: DR 1-102(A)(1), DR 2-110(A)(2) and (3), DR 6-101(A)(3), DR 7-101(A)(2), DR 7-106(A), DR 9-102(A), and DR 9-102(B)(3) and (4). We further conclude that respondent has violated the attorney's oath of office. See § 7-104.

We have stated that " '[t]he basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.' " *State ex rel. NSBA v. Frank*, 262 Neb. 299, 304, 631 N.W.2d 485, 490 (2001) (quoting *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997)). Neb. Ct. R. of Discipline 4 (rev. 2001) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment;

(2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that " '[e]ach case justifying discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case.' " *Frank*, 262 Neb. at 304, 631 N.W.2d at 490 (quoting *State ex rel. NSBA v. Rothery*, 260 Neb. 762, 619 N.W.2d 590 (2000)). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Frank, supra; State ex rel. NSBA v. Freese*, 259 Neb. 530, 611 N.W.2d 80 (2000); *State ex rel. NSBA v. Denton*, 258 Neb. 600, 604 N.W.2d 832 (2000).

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Hart*, 265 Neb. 649, 658 N.W.2d 632 (2003); *State ex rel. NSBA v. Gallner*, 263 Neb. 135, 638 N.W.2d 819 (2002).

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any mitigating factors. *Id.*

Pursuant to the formal charges, to which respondent has failed to respond, respondent has engaged in conduct that has violated several disciplinary rules and her oath of office as an attorney. There is no record in the instant case of any mitigating factors. We have previously disbarred attorneys who, similar to respondent, had violated disciplinary rules regarding trust accounts, mishandled client funds, and failed to cooperate with the Counsel for Discipline during the disciplinary proceedings. See, *State ex rel. Special Counsel for Dis. v. Brinker*, 264 Neb. 478, 648 N.W.2d 302 (2002); *State ex rel. NSBA v. Howze*, 260 Neb. 547, 618 N.W.2d 663 (2000).

We have considered the undisputed allegations of the formal charges and the applicable law. Upon due consideration, the

court finds that respondent should be disbarred from the practice of law in the State of Nebraska.

### CONCLUSION

The motion for the judgment on the pleadings is granted. It is the judgment of this court that respondent should be disbarred from the practice of law in the State of Nebraska, and we therefore order respondent disbarred, effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2001), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF DISBARMENT.