STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
V. RICHARD K. WATTS, RESPONDENT.
708 N.W.2d 231

Filed December 9, 2005.   No. S-05-031.

John W. Steele, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

PER CURIAM.

The Counsel for Discipline of the Nebraska Supreme Court (the Counsel) brought this action against attorney Richard K. Watts. We sustained the Counsel's motion for judgment on the pleadings and reserved the issue of the appropriate sanction. We now order that Watts be disbarred.

## BACKGROUND

In January 2005, the Counsel filed formal charges against Watts. The charges state that Watts was admitted to practice law in 1988 and was engaged in private practice. He is currently under suspension for nonpayment of bar dues and has relocated to Colorado. When he relocated, he failed to inform all his active clients.

In 2001, Watts settled a case for $621,647.08. An insurance company deposited a check in Watts' trust account for $520,000, which was made payable to both Watts and the client and was divided between them. Another check for $101,647.08 was deposited that was made payable only to Watts' trust account. The client believed that the second check was used to pay accrued medical bills, subrogation interests, and future medical bills. Not all bills were paid, however, and some bills were turned over to collection agencies. A review of the bank statements shows that $89,942.89 was paid to several health care providers and that there should be a balance of $11,704.19 still in the trust account to pay the remaining bills.

In 2004, Watts settled a workers' compensation claim for a client and issued a check written on his personal account. The check was returned twice for insufficient funds. The Counsel believes that Watts never deposited the check into his trust account. In January and April 2004, the Counsel received notice that Watts' trust account was overdrawn. Therefore, the Counsel believes that Watts did not maintain sufficient balances in the account.

In January 2004, the Counsel sent Watts a letter requesting an explanation for the overdrafts. The Counsel later sent a request for an accounting of $700 claimed to have been paid to him from a civil suit. When the Counsel received notice of the insufficient funds check, it also forwarded that and a request for a response.

In July, notice of a new grievance was sent and the Counsel requested that Watts respond to all pending grievances. Watts then telephoned, acknowledging receipt of the letter. He provided a new address and telephone number where he could be reached. Watts called again the next day and briefly explained the reasons for the overdrafts. He stated that he would return to Nebraska the following weekend to retrieve files from storage so that he could respond to the grievances. Watts did not further respond.

The formal charges allege that Watts' conduct violated his oath of office as an attorney under the following disciplinary rules: Canon 1, DR 1-102(A)(1) and (3) through (6) (misconduct), and Canon 9, DR 9-102(A) and (B)(3) and (4) (preserving identity of funds and property of client), of the Code of Professional Responsibility. Watts did not file an answer. On March 16, 2005, we sustained the Counsel's motion for judgment on the pleadings.

## ANALYSIS

■ Having granted judgment on the pleadings, the sole issue before us is the appropriate discipline. Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by this court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

■ Regarding the imposition of attorney discipline, each case must be evaluated individually in the light of the particular facts and circumstances of that case. See *State ex rel. Counsel for Dis. v. Lechner*, 266 Neb. 948, 670 N.W.2d 457 (2003). For purposes of determining the proper discipline of an attorney, we consider the attorney's acts both underlying the events of the case and throughout the proceeding. *Id.*

■ To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *Id.* In addition,

the determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding requires consideration of any mitigating factors. *Id.*

Here, Watts violated several disciplinary rules and violated his oath of office as an attorney. He has failed to respond to the charges, and there is no record of mitigating factors. We have previously disbarred attorneys who, like Watts, violated disciplinary rules regarding trust accounts, mishandled client funds, and failed to cooperate with the Counsel during the disciplinary proceedings. See, *State ex rel. Counsel for Dis. v. Lechner, supra*; *State ex rel. Special Counsel for Dis. v. Brinker*, 264 Neb. 478, 648 N.W.2d 302 (2002); *State ex rel. NSBA v. Howze*, 260 Neb. 547, 618 N.W.2d 663 (2000).

We have considered the undisputed allegations of the formal charges and the applicable law. Upon consideration, we find that Watts should be disbarred from the practice of law in the State of Nebraska.

## CONCLUSION

We order that Watts be disbarred from the practice of law in the State of Nebraska, effective immediately. Watts is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Watts is further directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF DISBARMENT.

MILLER-LERMAN, J., participating on briefs.