STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR, v. ANTHONY C. COE, RESPONDENT.

710 N.W.2d 863

Filed March 24, 2006.   No. S-05-744.

John W. Steele, Assistant Counsel for Discipline, for relator.

No appearance for respondent.

HENDRY, C.J., CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ., and HANNON, Judge, Retired.

PER CURIAM.

The Counsel for Discipline of the Nebraska Supreme Court (the Counsel) brought this action against attorney Anthony C.

Coe. We sustained the Counsel's motion for judgment on the pleadings and reserved the issue of the appropriate sanction. We now order that Coe be disbarred.

## BACKGROUND

### FORMAL CHARGES

Coe was admitted to the practice of law in 1993. In June 2005, the Counsel filed formal charges alleging five counts of misconduct.

Count 1 alleges that in 2004, Coe was retained to prosecute a claim before the Nebraska Equal Opportunity Commission and failed to serve the defendant with summons. An order to show cause was issued, and Coe did not respond. The action was dismissed with prejudice and is believed to be time barred.

Count 2 alleges that in 2004, Coe failed to inform a client of hearings and failed to submit discovery responses in an action to recover lost wages. After a motion to compel was filed, Coe did not attend the hearing on the motion or advise his client of the hearing. The motion was granted, and Coe still did not submit the responses. He next failed to appear at a hearing on a motion for sanctions. The motion for sanctions was granted, and the case was dismissed, with an order requiring Coe's client to pay attorney fees. The client was never informed and learned of the status of his case from the Counsel.

Count 3 alleges that in 2004, Coe failed to serve a defendant with summons in another action before the Nebraska Equal Opportunity Commission and failed to respond to an order to show cause. The case was dismissed; the client did not learn of the dismissal until he retained a new attorney. The client requested that his files be returned to him, and as of the date of the filing of the formal charges, Coe had not returned the files.

Count 4 alleges that in 2003, Coe was paid for a consultation concerning a dispute with the Nebraska Department of Labor. The client later retained Coe to appeal a disqualification from receiving unemployment compensation. Coe assured the client the appeal would be filed on time but never filed it. After the appeal time had run, Coe discussed with the client the possibility of filing a wrongful termination action and agreed to do the work pro bono because he had missed the appeal deadline. Coe

sent a letter to the employer but took no further action on the case. The client did not learn until 2004 that Coe had left the private law practice.

Count 5 alleged that in 2003, Coe began representing a client on a pro bono basis in an employment action. Part of the case was dismissed, but certain parts were allowed to proceed. Coe did not take further action on the case after February 2004 and failed to inform the client of that fact.

### PREVIOUS APPLICATION FOR TEMPORARY SUSPENSION

Court files show that in January 2005, the Counsel filed an application for temporary suspension. An affidavit in support of the application stated that Coe had failed to respond to grievances. After a member of the Counsel left a business card at Coe's home in November 2004, Coe responded that he was suffering from psychological stress, had been hospitalized twice, and was probably going to leave the practice of law. He stated that he would file responses to the grievances as soon as possible. The possibility of disability status was also discussed.

A month later, Coe called and stated that he was receiving treatment and that he had obtained employment with a private agency that required he keep his license to practice law. He stated that he would respond to the grievances. As of January 2005, Coe had not responded. The application for temporary suspension was withdrawn in February because Coe responded to the grievances and appeared to be cooperating in the investigations. See *State ex rel. Counsel for Dis. v. Coe*, 269 Neb. xxii (No. S-05-061, Feb. 9, 2005).

The formal charges were filed in June 2005, and alleged violations of Canon 1, DR 1-102; Canon 2, DR 2-110; Canon 6, DR 6-101; and Canon 7, DR 7-101, of the Code of Professional Responsibility. Coe entered a voluntary appearance but did not respond to the formal charges. We granted the Counsel's motion for judgment on the pleading. Coe has not filed a brief to this court.

### ANALYSIS

Having granted judgment on the pleadings, the sole issue before us is the appropriate discipline. Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by

this court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

Regarding the imposition of attorney discipline, each case must be evaluated individually in the light of the particular facts and circumstances of that case. *State ex rel. Counsel for Dis. v. Watts*, 270 Neb. 749, 708 N.W.2d 231 (2005). See *State ex rel. Counsel for Dis. v. Lechner*, 266 Neb. 948, 670 N.W.2d 457 (2003). In determining the proper discipline of an attorney, we consider the attorney's acts both underlying the events of the case and throughout the proceeding. *Id.*

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Id. In addition, the determination of an appropriate penalty to be imposed on an attorney in a disciplinary proceeding requires consideration of any mitigating factors. *Id.*

Here, Coe violated several disciplinary rules and his oath of office as an attorney, to his clients' detriment. Although the record contains some evidence concerning mental illness, Coe has ultimately failed to respond to the formal charges. We have previously disbarred attorneys who, like Coe, neglected their clients' cases and failed to cooperate with the Counsel during the disciplinary proceedings. See, e.g., *State ex rel. Counsel for Dis. v. Jones*, 270 Neb. 471, 704 N.W.2d 216 (2005). In particular, a pattern of neglect reveals a particular need for a strong sanction to deter others from similar misconduct, to maintain the reputation of the bar as a whole, and to protect the public. See *State ex rel. NSBA v. Johnston*, 251 Neb. 468, 558 N.W.2d 53 (1997). The record shows that Coe is either unable or unwilling to respond to the charges and that through a pattern of neglect, he is not fit to practice law.

We have considered the undisputed allegations of the formal charges and the applicable law. Upon consideration, we find that

Coe should be disbarred from the practice of law in the State of Nebraska.

## CONCLUSION

We order that Coe be disbarred from the practice of law in the State of Nebraska, effective immediately. Coe is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Coe is further directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 23(B) (rev. 2001).

JUDGMENT OF DISBARMENT.

WRIGHT, J., not participating.