745 N.W.2d 891 (2008)
275 Neb. 230
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
Stephen L. SMITH, respondent.
No. S-07-397.
Supreme Court of Nebraska.
March 7, 2008.
*893 Kent L. Frobish, Assistant Counsel for Discipline, for relator.
Stephen L. Smith, pro se.
HEAVICAN, C.J., and WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF CASE
The office of the Counsel for Discipline of the Nebraska Supreme Court, relator, filed formal charges against respondent, Stephen L. Smith, a member of the Nebraska State Bar Association. Respondent did not file an answer or otherwise respond to the formal charges. Relator moved for judgment on the pleadings pursuant to Neb. Ct. R. of Discipline 10(1) (rev.2005). We granted the motion in part and heard oral argument. The sole issue before the court is the appropriate discipline to be imposed.

STATEMENT OF FACTS
Respondent was admitted to the practice of law in the State of Nebraska on September 22, 1994. The formal charges alleged that respondent violated certain disciplinary rules and his oath of office as an attorney. The charges related to respondent's representation of Thomas J. Kawa.
In February 2005, Kawa hired respondent to represent him on several matters, and Kawa delivered a check for $3,000 as a deposit. The formal charges alleged that respondent did not deposit the funds into his attorney trust account. On April 6, 2006, Kawa filed a grievance against respondent with relator, alleging, in part, that respondent had failed to provide an accounting of Kawa's advance payment. Relator sent respondent a copy of Kawa's grievance letter on April 12, and respondent was asked to provide a written response. When no response had been received by May 15, relator sent a second request. Again, relator received no response from respondent, and a third letter was sent on June 9.
Respondent provided his initial response to Kawa's grievance on June 19, 2006. In it, respondent provided an accounting of payments from his trust account purportedly related to Kawa's cases. However, two of the payments allegedly made from respondent's trust account were dated prior to the time he received any funds from *894 Kawa: a check dated December 21, 2003, and a check dated May 12, 2004. Respondent's accounting showed that a total of $3,289.37 had been withdrawn from his trust account purportedly for expenses related to Kawa's cases.
On July 13, 2006, relator sent respondent a letter asking him to provide evidence of the date on which he deposited Kawa's advance payment into respondent's trust account and to explain the withdrawal of $289.73 in excess of the $3,000 paid by Kawa. Respondent was asked to respond by July 21.
No response was received, and relator filed a formal grievance pursuant to Neb. Ct. R. of Discipline 9(D) (rev.2001) on September 1, 2006. Notice was sent to respondent by certified mail. Respondent provided a written response on September 20, but it did not answer the questions raised by relator, including the date on which respondent deposited the $3,000 paid by Kawa into his trust account, the withdrawal of $472.28 from the trust account before respondent received any funds from Kawa, and the withdrawal from the trust account of $289.37 in excess of the $3,000 paid by Kawa.
Relator again wrote to respondent on September 22, October 11, and November 2, 2006. Respondent was informed that if he failed to respond, relator would seek temporary suspension of respondent's license to practice law. On November 8, respondent provided copies of his monthly bank statements related to the attorney trust account. The records showed no deposit that corresponded with the $3,000 payment made by Kawa. The statements indicated that the balance was at various times below the amount that should have remained from Kawa's funds.
According to relator, the review of the bank statements showed that respondent was improperly using the trust account as a business account or as his personal checking account by leaving personal funds in the account and using the account to pay personal expenses.
On November 14, 2006, relator wrote to respondent to request additional information about Kawa's funds and the use of respondent's trust account. Respondent was directed to respond by November 22. He did not respond until January 24, 2007.
Upon the recommendation of the Committee on Inquiry of the Second Disciplinary District, formal charges were filed against respondent on April 16, 2007. The charges stated that respondent's acts and omissions that occurred prior to September 1, 2005, constituted violations of his oath of office as an attorney and the following provisions of the Code of Professional Responsibility: Canon 1, DR 1-102(A)(1), and Canon 9, DR 9-102(A)(1) and (2). Those acts and omissions that occurred after September 1, 2005, constituted violations of respondent's oath of office as an attorney and Neb. Ct. R. of Prof. Cond. 8.4 (rev.2005). On May 22, 2007, respondent was personally served with a summons and formal charges. Respondent did not file an answer to the charges. On August 29, this court granted in part relator's motion for judgment on the pleadings, finding that "respondent has violated Code as alleged in formal charges."

STANDARD OF REVIEW
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Petersen, 272 Neb. 975, 725 N.W.2d 845 (2007).

ANALYSIS
The basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the *895 type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007). An attorney against whom formal charges have been filed is subject to a judgment on the pleadings if he or she fails to answer those charges. State ex rel. Counsel for Dis. v. Jones, 270 Neb. 471, 704 N.W.2d 216 (2005). The disciplinary rules provide that if no answer is filed, the court may dispose of the matter on a motion for judgment on the pleadings as long as an opportunity for oral argument is given before disbarment is ordered. See id., citing disciplinary rule 10(I).
The formal charges alleged that respondent violated the following provisions of the Code of Professional Responsibility:
DR 1-102 Misconduct.
(A) A lawyer shall not:
(1) Violate a Disciplinary Rule.
. . . .
DR 9-102 Preserving Identity of Funds and Property of a Client.
(A) All funds of clients paid to a lawyer or law firm shall be deposited in an identifiable account or accounts maintained in the state in which the law office is situated in one or more state or federally chartered banks, savings banks, savings and loan associations, or building and loan associations insured by the Federal Deposit Insurance Corporation, and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:
(1) Funds reasonably sufficient to pay account charges may be deposited therein.
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
The formal charges also alleged that respondent violated rule 8.4 of the Nebraska Rules of Professional Conduct, which states:
RULE 8.4 MISCONDUCT
It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so or do so through the acts of another;
. . . .
(d) engage in conduct that is prejudicial to the administration of justice.
Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension. State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007).
For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. Id. To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Id.
*896 Relator suggests that the appropriate sanction in this case is disbarment. Respondent did not respond to the initial requests by relator until more than 2 months had passed and after relator had sent three letters asking for a response to Kawa's grievance. Respondent's first response indicated he had made payments out of his trust account prior to the date he received funds from Kawa. Relator asked for additional information about the trust account, and again, respondent did not respond. Respondent was sent notice that the grievance letter had been upgraded to a formal grievance on September 1, 2006, and he did not respond until September 20. The response did not answer relator's questions about the deposit of Kawa's funds into the trust account, about the withdrawal of funds prior to the receipt of Kawa's deposit, or about the withdrawal of an amount in excess of Kawa's deposit.
Relator sought additional records on September 22, 2006, and again, respondent did not respond until three requests had been made. When respondent provided copies of his monthly bank statements on November 8, a review showed that there was no record of the $3,000 deposit from Kawa and that the trust account had fallen below the balance it should have had on more than one occasion. On November 14, relator asked respondent to address concerns that arose from the review of the trust account bank statements. Respondent did not answer until January 24, 2007. And respondent did not file an answer to the formal charges or to the motion for judgment on the pleadings.
This court has stated that responding to disciplinary complaints in an untimely manner and repeatedly ignoring requests for information from the Counsel for Discipline indicate disrespect for this court's disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice. State ex rel. Counsel for Dis. v. Jones, 270 Neb. 471, 704 N.W.2d 216 (2005). We have also held that an attorney's failure to respond to inquiries and requests for information from the Office of the Counsel for Discipline is a grave matter and a threat to the credibility of attorney disciplinary proceedings. State ex rel. NSBA v. Rothery, 260 Neb. 762, 619 N.W.2d 590 (2000).
Disciplinary rule 9(E) provides in part:
Upon receipt of notice of a Grievance from the Counsel for Discipline, the member against whom the Grievance is directed shall prepare and submit to the Counsel for Discipline, in writing, within fifteen working days of receipt of such notice, an appropriate response to the Grievance, or a response stating that the member refuses to answer substantively and explicitly asserting constitutional or other grounds therefor.
In addition, Neb. Ct. R. of Discipline 3(B) (rev.2005) provides that acts or omissions by a member which violate the Nebraska Rules of Professional Conduct (or the Code of Professional Responsibility if the act or omission occurred prior to September 1, 2005) shall be grounds for discipline.
Thus, respondent is subject to discipline for his failure to timely and adequately respond to requests for information from relator. The failure of a respondent to answer the formal charges subjects the respondent to a judgment on the formal charges filed. State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007).
The only information we have before us from respondent is his brief. In it, he attempts to provide an explanation for the problems with his trust account. The majority of respondent's brief blames Kawa for respondent's difficulties. *897 The two apparently had a business arrangement that ended in litigation which is still pending. However, we have held on numerous occasions that a party's brief may not expand the evidentiary record. In re Estate of Baer, 273 Neb. 969, 735 N.W.2d 394 (2007). Respondent did not provide any of this information prior to the filing of formal charges.
The formal charges alleged that respondent violated the disciplinary rules related to preserving the identity of funds and property of a client and engaged in conduct that is prejudicial to the administration of justice. Respondent was unable to provide an adequate explanation of how he disbursed funds from his trust account prior to receiving a deposit from Kawa and of how he disbursed more than $3,000 from the account. In fact, his bank records did not show a corresponding deposit of $3,000.
Issues related to trust accounts are serious matters, and this court has ordered the disbarment of attorneys who violated disciplinary rules regarding trust accounts, mishandled client funds, and failed to cooperate with the Counsel for Discipline during disciplinary proceedings. See, State ex rel. Counsel for Dis. v. Watts, 270 Neb. 749, 708 N.W.2d 231 (2005); State ex rel. Counsel for Dis. v. Lechner, 266 Neb. 948, 670 N.W.2d 457 (2003); State ex rel. Special Counsel for Dis. v. Brinker, 264 Neb. 478, 648 N.W.2d 302 (2002); State ex rel. NSBA v. Howze, 260 Neb. 547, 618 N.W.2d 663 (2000).
The determination of an appropriate penalty to be imposed on an attorney requires consideration of any aggravating or mitigating factors. State ex rel. Counsel for Dis. v. Dortch, supra. The record in this case does not allow us to consider any of respondent's allegations related to Kawa as mitigating factors, and we find no evidence of any such factors in the record. This is the result, in part, of respondent's failure to answer requests for information from relator.
Respondent failed to provide an adequate explanation for the discrepancies in his trust account related to the representation of Kawa. Respondent's actions demonstrate disrespect for this court's disciplinary jurisdiction. These actions also indicate a lack of concern for the protection of the public, the profession, and the administration of justice.
We have considered the undisputed allegations of the formal charges and the applicable law. Upon due consideration, the court finds that respondent should be disbarred from the practice of law in the State of Nebraska.

CONCLUSION
The court finds that respondent violated DR 1-102(A)(1), DR 9-102(A)(1) and (2), rule 8.4, and his oath of office as an attorney. We conclude that disbarment is the appropriate sanction.
It is therefore the judgment of this court that respondent be disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev.2004), and upon failure to do so, respondent shall be subject to punishment for contempt of this court. Respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 1997), disciplinary rule 10(P), and Neb. Ct. R. of Discipline 23 (rev.2001) within 60 days after an order imposing costs and expenses has been entered by this court.
JUDGMENT OF DISBARMENT.