763 N.W.2d 401 (2009)
277 Neb. 541
STATE of Nebraska ex rel. Counsel for Discipline of the Nebraska Supreme Court, relator,
v.
David A. FOURNIER, respondent.
No. S-07-1205.
Supreme Court of Nebraska.
April 10, 2009.
*402 Kent L. Frobish, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

NATURE OF THE CASE
The Counsel for Discipline of the Nebraska Supreme Court, relator, filed formal charges against David A. Fournier, respondent, alleging Fournier violated his oath of office as an attorney, and violated the Nebraska Rules of Professional Conduct by mishandling funds in his client trust account. Fournier did not respond to the formal charges. Relator moved for judgment on the pleadings. This court entered judgment limited to the facts as pled and reserved ruling on the appropriate discipline until after briefing and oral argument. After reviewing the matter, we conclude that the proper sanction is disbarment.

STATEMENT OF FACTS
Fournier was admitted to the practice of law in the State of Nebraska on September 23, 1997. Fournier has been engaged in the private practice of law in the State of Nebraska. In June 2004, Donna Widhalm hired Fournier to assist her in negotiating with her creditors. By written agreement between Widhalm and Fournier, Widhalm agreed to deposit $275 per month with Fournier, who would retain the funds in his trust account until a settlement could be reached with Widhalm's creditors. From June 2004 through September 2005, Widhalm deposited $4,525 with Fournier. Widhalm also paid Fournier a fee of $500 in June 2004. Fournier never made payments to Widhalm's creditors, nor did he refund Widhalm's funds to her after she repeatedly requested that Fournier do so.
On June 20, 2007, relator received a grievance letter from Widhalm setting forth the allegations discussed above. On September 15, Fournier received a copy of the grievance filed against him by Widhalm. Fournier was instructed by relator to file an appropriate written response within 15 working days. On October 11, Fournier filed a response to Widhalm's grievance, claiming that he returned the funds to Widhalm, but he did not provide relator with evidence to support this statement. On October 12, relator sent a letter to Fournier directing him to provide documentation regarding his handling of Widhalm's funds by October 26, or relator would seek the temporary suspension of Fournier's license.
*403 Fournier did not respond to relator's request. On November 16, 2007, the chairperson of the Committee on Inquiry of the Second Disciplinary District filed with the Nebraska Supreme Court an application for the temporary suspension of Fournier's license to practice law. On November 21, this court issued an order to show cause directing Fournier to show cause why the court should not enter an order temporarily suspending his license to practice law in Nebraska. Service of the order was made on November 23. No response was filed, and no cause was shown by Fournier. This Court then entered an order temporarily suspending Fournier from the practice of law.
On January 29, 2008, relator filed formal charges against Fournier alleging that Fournier's acts and omissions constituted violations of his oath of office as an attorney licensed to practice law in the State of Nebraska as provided by Neb.Rev.Stat. § 7-104 (Reissue 2007) and the following provisions of the Nebraska Rules of Professional Conduct as now codified: Neb. Ct. R. of Prof. Cond. § 3-501.4 (communications), § 3-501.15 (safekeeping property), and § 3-508.4 (misconduct). Fournier was not charged under the now-superseded Code of Professional Responsibility, which governs conduct that occurred prior to September 1, 2005.
Following unsuccessful attempts at personal service, service of the formal charges by publication was completed on June 6, 2008. Fournier had until July 7 to file his answer. No answer was filed. On July 9, relator moved for judgment on the pleadings. On August 28, this court granted judgment on the pleadings as to the facts and set the issue of discipline for briefing and oral argument.

ANALYSIS
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Smith, 275 Neb. 230, 745 N.W.2d 891 (2008). An attorney against whom formal charges have been filed is subject to a judgment on the pleadings if he or she fails to answer those charges. Id. The disciplinary rules provide that if no answer is filed, the court may dispose of the matter on a motion for judgment on the pleadings as long as an opportunity for oral argument is given before disbarment is ordered. See Neb. Ct. R. § 3-310(I).
We have stated that the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. State ex rel. Counsel for Dis. v. Wadman, 275 Neb. 357, 746 N.W.2d 681 (2008). In the instant case, on August 28, 2008, this court granted relator's motion for judgment on the pleadings as to the facts, and therefore, the only issue before us is the type of discipline to be imposed.
Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
See, also, § 3-310.
With respect to the imposition of attorney discipline in an individual case, *404 we evaluate each attorney discipline case in light of its particular facts and circumstances. See State ex rel. Counsel for Dis. v. Zendejas, 274 Neb. 829, 743 N.W.2d 765 (2008). For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. State ex rel. Counsel for Dis. v. Dortch, 273 Neb. 667, 731 N.W.2d 594 (2007).
To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Id. We have also noted that the determination of an appropriate discipline to be imposed on an attorney requires consideration of any aggravating or mitigating factors. See State ex rel. Counsel for Dis. v. Zendejas, supra.
Relator suggests that the appropriate sanction in this case is disbarment. In considering the appropriate sanction, we note that the evidence in the present case establishes that Fournier failed to return Widhalm's funds held in Fournier's client trust account. The act of withholding funds occurred after September 1, 2005. We are also aware of the fact that Fournier failed to respond to requests from relator for information, failed to respond to the formal charges, and failed to file a brief with this court.
In State ex rel. Counsel for Dis. v. Watts, 270 Neb. 749, 708 N.W.2d 231 (2005), we determined that disbarment was an appropriate sanction for an attorney who violated disciplinary rules regarding trust accounts, mishandled client funds, and failed to cooperate with relator during the disciplinary proceedings. Here, as in Watts, Fournier has violated disciplinary rules and violated his oath of office as an attorney by mishandling client funds entrusted to him and held in his trust account. There is no record of mitigating factors.
After considering the undisputed allegations of the formal charges, which are established as facts, and the applicable law, we conclude that Fournier should be disbarred from the practice of law in the State of Nebraska.

CONCLUSION
We order that Fournier be disbarred from the practice of law in the State of Nebraska, effective immediately. Fournier is directed to comply with Neb. Ct. R. § 3-316, and upon failure to do so, he shall be subject to punishment for contempt of this court. Fournier is further directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and § 3-310(P) and Neb. Ct. R. § 3-323 within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.