777 N.W.2d 841 (2010)
279 Neb. 399
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF the NEBRASKA SUPREME COURT, relator,
v.
David R. TARVIN, Jr., respondent.
No. S-09-529.
Supreme Court of Nebraska.
February 5, 2010.
*842 John W. Steele, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
*843 HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
The Counsel for Discipline of the Nebraska Supreme Court filed formal charges and additional formal charges against respondent, David R. Tarvin, Jr. In the charges, the Counsel for Discipline alleged that respondent violated his oath of office as an attorney licensed to practice law in the State of Nebraska and various provisions of the Nebraska Rules of Professional Conduct based on his felony convictions involving theft of client funds and allegations that he has neglected client matters. This court granted judgment on the pleadings as to the facts in the formal charges and the additional formal charges and set the matter for oral argument. After reviewing the matter, we find that the proper sanction is disbarment.

STATEMENT OF FACTS
This case originated through a grievance filed with the Counsel for Discipline against respondent alleging that respondent may have misused client funds. While the matter was under investigation by the Counsel for Discipline, in January 2008, the Douglas County Attorney filed criminal charges against respondent for felony theft.
In March 2008, an attorney submitted a detailed report under oath to the Counsel for Discipline describing another instance in which respondent had allegedly misused client funds. Based on the report, the chairperson for the Committee on Inquiry of the Second Disciplinary District, in consultation with the Counsel for Discipline, applied for temporary suspension of respondent. This court issued an order on April 9, 2008, for respondent to show cause why he should not be suspended. Respondent did not respond to the show cause order. On May 7, this court temporarily suspended respondent in State ex rel. Counsel for Discipline v. Tarvin, case No. S-08-320.
After respondent was found guilty in the criminal case, formal charges were filed against him on May 29, 2009. Additional formal charges were filed against respondent simultaneously. This court entered judgment on the pleadings as to the facts in this case on August 26.
The facts as pled in the formal charges and additional formal charges state as follows: The Nebraska Supreme Court admitted respondent to the practice of law on September 24, 1996. At the times relevant to this case, respondent had been engaged in the private practice of law with an office located in Douglas County, Nebraska.
On January 17, 2008, respondent was charged in the district court for Douglas County with one count of theft by unlawful taking (an amount exceeding $1,500), a felony. The theft involved client funds held by respondent. On May 12, respondent was charged in the district court for Douglas County with an additional count of theft by unlawful taking (an amount exceeding $1,500), a felony. The second charge involved funds of another client. On December 11, respondent entered a no contest plea to two counts of attempted felony theft. On February 19, 2009, respondent was found guilty of both counts and sentenced to, inter alia, 180 days in the Douglas County Correctional Center, placed on 5 years' probation, and ordered to make restitution in the amount of $15,264.43.
The Counsel for Discipline alleges in the formal charges that the foregoing acts of *844 respondent constitute a violation of his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by Neb.Rev.Stat. § 7-104 (Reissue 2007), and a violation of the Nebraska Rules of Professional Conduct, Neb. Ct. R. of Prof. Cond. § 3-508.4 (misconduct).
Pursuant to Neb. Ct. R. § 3-310(F), the Counsel for Discipline filed additional formal charges against respondent. The additional charges allege that on January 30, 2007, respondent was retained by Melissa LaChapelle to prosecute a stepparent adoption. The biological father had agreed to relinquish his parental rights and agreed to the adoption. Respondent and LaChapelle entered into a written fee agreement, and LaChapelle paid the agreed-upon fee of $750 at the time of signing the agreement. Thereafter, LaChapelle answered a form questionnaire provided to her by respondent regarding the biological father so that the necessary pleadings could be prepared and service had on the biological father.
For over a year, LaChapelle and her family members made repeated attempts to contact respondent to find out the status of the case with little to no success. When LaChapelle was able to contact respondent, he explained that he was having trouble obtaining service on the biological father. By February 1, 2008, respondent still had not obtained service on the biological father, and again LaChapelle provided respondent with the contact information for the biological father, including his Social Security number, his cellular telephone number, and his address.
On or about April 2, 2008, respondent advised LaChapelle that he received a faxed copy of the signed relinquishment papers from the biological father. The biological father advised LaChapelle that he had sent the signed original to respondent by certified mail. LaChapelle never heard from respondent again, despite her attempts to contact him. LaChapelle's mother spoke with respondent on the telephone on May 9. Respondent advised her that he was sending a letter to LaChapelle. LaChapelle has not received any communication from respondent since she spoke with him on April 2.
Respondent has not refunded any of the $750 that LaChapelle paid to him to prosecute her case. Respondent failed to file any pleadings on behalf of LaChapelle to effect the stepparent adoption.
In a separate matter, respondent was retained by Julie Alfaro, formerly known as Julie Hoffa, to represent her in an action to dissolve her marriage. She was referred to respondent by her therapist, respondent's mother-in-law. Alfaro decided to retain respondent because he had returned her calls and seemed anxious to take the case. Alfaro met with and retained respondent on October 25, 2006, paying him $1,000, and she provided him with the necessary information to file the divorce. Respondent did file a complaint for the dissolution within 2 weeks of meeting with Alfaro, but thereafter did little work on the case.
Almost immediately after retaining respondent, Alfaro experienced difficulty communicating with respondent. When Alfaro was unable to contact respondent, she retained another attorney, who took over the case and saw it to conclusion.
The Counsel for Discipline alleges that this conduct by respondent constitutes a violation of his oath of office as an attorney licensed to practice law in the State of Nebraska, as provided by § 7-104, and violations of the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (diligence), 3-501.4 (communications), and *845 3-501.16 (declining or terminating representation).
The Counsel for Discipline asks that this court disbar respondent.

ANALYSIS
A proceeding to discipline an attorney is a trial de novo on the record. State ex rel. Counsel for Dis. v. Smith, 275 Neb. 230, 745 N.W.2d 891 (2008). An attorney against whom formal charges have been filed is subject to a judgment on the pleadings if he or she fails to answer those charges. Id. The disciplinary rules provide that if no answer is filed, the court may dispose of the matter on a motion for judgment on the pleadings as long as an opportunity for oral argument is given before disbarment is ordered. State ex rel. Counsel for Dis. v. Wickenkamp, 277 Neb. 16, 759 N.W.2d 492 (2009).
The basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances. Id. In the instant case, on August 26, 2009, this court granted the Counsel for Discipline's motion for judgment on the pleadings as to the facts; therefore, the only issue before us is the type of discipline to be imposed.
Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
See, also, § 3-310(N).
With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney discipline case in light of its particular facts and circumstances. See State ex rel. Counsel for Dis. v. Wintroub, 277 Neb. 787, 765 N.W.2d 482 (2009).
In its brief and at oral argument, the Counsel for Discipline asked that this court disbar respondent. At oral argument, the Counsel for Discipline entered into evidence two prior private reprimands against respondent issued in January and February 2008.
To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. Id. We have also noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any aggravating or mitigating factors. State ex rel. Counsel for Dis. v. Wickenkamp, supra. We have considered prior reprimands as aggravators. Id.
Furthermore, cumulative acts of attorney misconduct are distinguishable from isolated incidents, therefore justifying more serious sanctions. State ex rel. Counsel for Discipline v. Wintroub, supra. Absent mitigating circumstances, the appropriate *846 discipline in cases of misappropriation or commingling of client funds is disbarment. State ex rel. NSBA v. Malcom, 252 Neb. 263, 561 N.W.2d 237 (1997).
As in Wintroub, where we imposed the sanction of disbarment, the record in this case reflects a pattern of misconduct by respondent involving both neglect and deceit for personal gain. The facts alleged in the formal charges, which stand as established in this case, demonstrate respondent was convicted of two felonies involving theft of client funds. The facts in the amended formal complaint demonstrate a pattern by respondent of improperly handling the cases entrusted to him. The two prior private reprimands further support the imposition of the Counsel for Discipline's suggested discipline of disbarment.
Respondent did not respond to the charges filed against him and has failed to present any evidence of mitigating circumstances.
Upon due consideration of the facts of this case, based on respondent's cumulative acts of misconduct, including conduct that involved deceit for personal gain, the court finds that the proper sanction is disbarment.

CONCLUSION
The judgment on the pleadings is granted in its entirety. It is the judgment of this court that respondent should be and is hereby disbarred from the practice of law, effective immediately. Respondent is directed to pay costs and expenses in accordance with Neb.Rev.Stat. §§ 7-114 and 7-115 (Reissue 2007) and § 3-310(P) and Neb. Ct. R. § 3-323(B) within 60 days after an order imposing costs and expenses, if any, is entered by the court.
JUDGMENT OF DISBARMENT.