784 N.W.2d 893 (2010)
280 Neb. 158
STATE of Nebraska ex rel. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, relator,
v.
Paula B. HUTCHINSON, respondent.
No. S-09-805.
Supreme Court of Nebraska.
July 2, 2010.
*894 Kent L. Frobish, Assistant Counsel for Discipline, for relator.
No appearance for respondent.
HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.
PER CURIAM.

INTRODUCTION
The Counsel for Discipline of the Nebraska Supreme Court filed formal charges against respondent, Paula B. Hutchinson. In the charges, the Counsel for Discipline alleged that respondent violated her oath of office as an attorney licensed to practice law in the State of Nebraska and various provisions of the Nebraska Rules of Professional Conduct based on her neglect of client matters. This court granted judgment on the pleadings as to the facts in the formal charges and set the matter for oral argument. After reviewing the matter, we find that the proper sanction is suspension from the practice of law.

STATEMENT OF FACTS
As alleged in the formal charges, respondent was admitted to the practice of law in the State of Nebraska on September 25, 1991. At the times relevant to this case, respondent was engaged in the private practice of law with an office located in Lincoln, Nebraska.
On October 27, 2008, the Counsel for Discipline received a grievance letter from Dorsey Taylor. Taylor alleged that he hired respondent to file a petition for writ of certiorari with the U.S. Supreme Court and paid respondent a fee of $5,000. Taylor alleged that respondent failed to keep him informed about his case, failed to file the requested petition, and refused to refund any portion of his advance fee payment.
After receiving Taylor's grievance, the Counsel for Discipline sent two letters to respondent in 2008, one in late October and the other in mid-November. On November 25, respondent informed the Counsel for Discipline via telephone that she would send a written response to Taylor's grievance within a week. The Counsel for Discipline did not receive this response from respondent, and thereafter, it contacted respondent again on December 16 and received no response. The Counsel for Discipline also contacted respondent on January 5, February 25, and March 3, 2009. Respondent never replied.
*895 On March 19, 2009, the Counsel for Discipline filed an application with the Nebraska Supreme Court to temporarily suspend respondent's license to practice law. This court issued an order directing respondent to show cause why her license should not be suspended. The order was mailed to respondent by certified mail; she either failed or refused to accept the certified mail. On April 20, respondent was personally served with a copy of the order to show cause, and on April 27, she filed a motion for extension of time to respond. In that motion, she stated that she had been seriously ill from February to April 2009 and that during her illness, she had contacted her clients and made necessary arrangements for them. She also stated that the attorney she had retained to represent her in the disciplinary matter had recently suffered a heart attack. After we granted an extension, respondent filed her response to the motion to show cause on May 11. In this response, respondent again stated that she had been critically ill and that her attorney had suffered a heart attack. She also noted that she had spoken to the Counsel for Discipline and that she planned to submit a response to Taylor's complaint "this week."
The Counsel for Discipline filed a reply to respondent's response to the order to show cause on May 21, 2009. In this filing, the Counsel for Discipline noted that respondent had not addressed why she had failed to respond to Taylor's grievance from November 2008 until February 2009. It also noted that it had not yet received the promised response to the Taylor grievance and that on May 15, respondent had notified it that she was again hospitalized. This court issued an order on June 4, suspending respondent from the practice of law until further order of the court. Respondent never filed a response to Taylor's grievance.
On March 26 and April 2, 2009, the Counsel for Discipline received additional grievance letters from clients alleging that respondent had neglected their cases. The Counsel for Discipline served notice of the grievances on respondent, but she failed to respond. On May 21, the Counsel for Discipline received a grievance letter from an attorney alleging that respondent had previously represented his client in a criminal case and that although he had made repeated attempts to secure the client's file from respondent, she had failed and refused to respond. The Counsel for Discipline served notice of this grievance on respondent, but she failed to respond.
The Counsel for Discipline alleges that respondent's conduct constitutes a violation of her oath of office as an attorney licensed to practice law in the State of Nebraska and violations of the following provisions of the Nebraska Rules of Professional Conduct: Neb. Ct. R. of Prof. Cond. §§ 3-501.3 (diligence), 3-501.4 (communications), 3-501.5 (fees), and 3-508.4 (misconduct).

ANALYSIS
A proceeding to discipline an attorney is a trial de novo on the record.[1] The basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances.[2] In the instant case, this court granted the Counsel for Discipline's motion for judgment on the pleadings as to *896 the facts; therefore, the only issue before us is the type of discipline to be imposed.
Neb. Ct. R. § 3-304 provides that the following may be considered as discipline for attorney misconduct:
(A) Misconduct shall be grounds for:
(1) Disbarment by the Court; or
(2) Suspension by the Court; or
(3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or
(4) Censure and reprimand by the Court; or
(5) Temporary suspension by the Court; or
(6) Private reprimand by the Committee on Inquiry or Disciplinary Review Board.
(B) The Court may, in its discretion, impose one or more of the disciplinary sanctions set forth above.
With respect to the imposition of attorney discipline in an individual case, we evaluate each attorney disciplinary case in light of its particular facts and circumstances.[3] To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law.[4] We have also noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any aggravating or mitigating factors.[5]
Here, respondent did not respond to the charges filed against her and has failed to present any evidence of mitigating circumstances. She has no history of prior disciplinary actions. In a similar case,[6] we suspended an attorney for a minimum of 1 year. That attorney, like respondent, had neglected several client matters and had refused to comply and respond to inquiries from the Counsel for Discipline. The attorney had no record of prior disciplinary matters, and the neglect did not involve misuse of client funds.
We view an attorney's failure to respond to inquiries and requests for information from the Counsel for Discipline as a grave matter and as a threat to the credibility of attorney disciplinary proceedings.[7] Respondent's failure to reply to repeated inquiries from the Counsel for Discipline demonstrates nothing less than a total disrespect for our disciplinary jurisdiction and a lack of concern for the protection of the public, the profession, and the administration of justice.[8]
In light of the foregoing precedent and the particular facts of this case, and with no mitigating circumstances apparent from the pleadings, we find and hereby order that respondent should be indefinitely suspended from the practice of law in the State of Nebraska, with a minimum suspension of 2 years, effective on June 3, 2009, the date of our order of temporary suspension. Any application for reinstatement filed by respondent after the minimum *897 suspension period shall include a showing which demonstrates her fitness to practice law. Respondent is directed to comply with Neb. Ct. R. § 3-316 and to pay costs and expenses of these proceedings.
JUDGMENT OF SUSPENSION.
NOTES
[1] State ex rel. Counsel for Dis. v. Tarvin, 279 Neb. 399, 777 N.W.2d 841 (2010); State ex rel. Counsel for Dis. v. Smith, 275 Neb. 230, 745 N.W.2d 891 (2008).
[2] Id.
[3] State ex rel. Counsel for Dis. v. Tarvin, supra note 1; State ex rel. Counsel for Dis. v. Wintroub, 277 Neb. 787, 765 N.W.2d 482 (2009).
[4] Id.
[5] State ex rel. Counsel for Dis. v. Tarvin, supra note 1; State ex rel. Counsel for Dis. v. Wickenkamp, 277 Neb. 16, 759 N.W.2d 492 (2009).
[6] State ex rel. NSBA v. Rothery, 260 Neb. 762, 619 N.W.2d 590 (2000).
[7] Id.
[8] See id.