State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Gregory C. Lauby, respondent.
703 N.W.2d 132

Filed September 9, 2005.   No. S-05-616.

Wright, Connolly, Gerrard, Stephan, McCormack, and Miller-Lerman, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the voluntary surrender of license filed by respondent, Gregory C. Lauby. As indicated below, the court accepts respondent's surrender of his license and enters an order of disbarment.

## FACTS

Respondent was admitted to the practice of law in the State of Nebraska on January 26, 1976. At all times relevant hereto, respondent was engaged in the private practice of law in Cheyenne County, Nebraska.

On May 18, 2005, an application for the temporary suspension of respondent from the practice of law was filed by the chairperson of the Committee on Inquiry of the Sixth Disciplinary District. The application stated that on January 27, 2005, respondent had been charged with first degree sexual assault on a child, a Class II felony. The application further stated that on May 3, respondent had been taken into custody on a Colorado arrest warrant on suspicion that respondent had committed the crimes of "Sexual Assault on a Child" and "Sexual Assault on a Child — Pattern of Abuse." The application further stated that "[i]t appear[ed] that the Respondent was engaging in conduct that, if allowed to continue until final disposition of disciplinary proceedings, will cause serious damage to the public and to the legal profession."

On May 25, 2005, this court entered an order directing respondent to show cause why his license should not be temporarily suspended. A copy of the show cause order was served on respondent. On June 27, respondent entered a plea of guilty to a

felony sexual assault charge in Cheyenne County, Nebraska. On June 29, this court determined that respondent had failed to show cause why his license should not be temporarily suspended and ordered respondent's license to practice law in the State of Nebraska temporarily suspended until further order of the court.

On July 13, 2005, respondent filed with this court a voluntary surrender of license, voluntarily surrendering his license to practice law in the State of Nebraska. In his voluntary surrender of license, respondent admitted that he violated Canon 1, DR 1-102(A)(1) (violating disciplinary rule) and (6) (engaging in conduct adversely reflecting on fitness to practice law), and his oath of office as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997). In addition to surrendering his license, respondent voluntarily consented to the entry of an order of disbarment and waived his right to notice, appearance, and hearing prior to the entry of the order of disbarment.

## ANALYSIS

Neb. Ct. R. of Discipline 15 (rev. 2001) provides in pertinent part:

> (A) Once a Grievance, a Complaint, or a Formal Charge has been filed, suggested, or indicated against a member, the member may voluntarily surrender his or her license.

> (1) The voluntary surrender of license shall state in writing that the member knowingly admits or knowingly does not challenge or contest the truth of the suggested or indicated Grievance, Complaint, or Formal Charge and waives all proceedings against him or her in connection therewith.

Pursuant to rule 15, we find that respondent has voluntarily surrendered his license to practice law; admitted in writing that he violated DR 1-102(A)(1) and (6), as well as his oath of office as an attorney; and waived all proceedings against him in connection therewith. We further find that respondent has consented to the entry of an order of disbarment.

## CONCLUSION

Upon due consideration of the pleadings in this matter, the court finds that respondent has admitted he engaged in conduct that violated DR 1-102(A)(1) and (6) and his oath of office as an attorney and that his admission was knowingly made. The court

accepts respondent's surrender of his license to practice law, finds that respondent should be disbarred, and hereby orders him disbarred from the practice of law in the State of Nebraska, effective immediately. Respondent shall forthwith comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, respondent is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997) and Neb. Ct. R. of Discipline 10(P) (rev. 2003) and 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.

HENDRY, C.J., not participating.