STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE
OF THE NEBRASKA SUPREME COURT, RELATOR,
v. PATRICK T. RISKOWSKI, RESPONDENT.
724 N.W.2d 813

Filed December 22, 2006. No. S-05-1168.

Kent L. Frobish, Assistant Counsel for Discipline, for relator.

Robert B. Creager, of Anderson, Creager & Wittstruck, P.C., for respondent.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

The Counsel for Discipline of the Nebraska Supreme Court filed formal charges against Patrick T. Riskowski, alleging that Riskowski violated several provisions of the Code of Professional Responsibility and his oath of office as an attorney. Riskowski's conduct included the following: failing to deposit an advance fee payment into his attorney trust account, agreeing to termination of his client's temporary alimony award without his client's consent, and forging his client's signature on a court filing and instructing his secretary to notarize the same. The only issue presented is the determination of an appropriate sanction for Riskowski's conduct.

## FACTS

Riskowski was admitted to the practice of law in Nebraska on October 9, 1985. At all times relevant to these proceedings, Riskowski has practiced law in Omaha, Nebraska. For the last 5 years, his practice has primarily involved domestic relations, criminal law, and personal injury.

The formal charges filed against Riskowski in this case arise out of his representation of a divorce client. On March 20, 2004, the client hired Riskowski to represent her in a dissolution of marriage action in Saunders County, Nebraska. The client paid Riskowski an advance fee of $1,500 which Riskowski was to draw against, as earned, at a rate of $150 per hour. Riskowski failed to deposit the advance fee into his attorney trust account and, instead, deposited the fee into his business account. Riskowski eventually earned the full advance fee payment of $1,500 for legal services rendered to the client.

Riskowski filed the client's petition for dissolution of marriage, and the district court entered an order awarding her temporary alimony of $800 per month. On September 13, 2004, the court issued a pretrial order that set a trial date of December 14.

The pretrial order also directed the parties to file witness and exhibit lists by November 15 and to file property statements by November 30. Riskowski failed to prepare and file the client's property statement with the court by November 30.

On December 13, 2004, Riskowski participated in a conference call with the court and opposing counsel in which Riskowski requested a continuance of the trial so that he would have more time to prepare and file the property statement. In exchange for granting the continuance, opposing counsel requested that Riskowski's client's temporary alimony award of $800 per month be terminated. Without discussing it with his client, Riskowski agreed to termination of her temporary alimony. As a result, the court granted the continuance, rescheduled the trial for January 10, 2005, and terminated the temporary alimony award as of November 30, 2004. Shortly thereafter, Riskowski informed his client that the trial had been continued to January 10, 2005, but did not inform her that her temporary alimony had been terminated.

On January 4, 2005, Riskowski, without his client's knowledge or authorization, forged her signature on the property statement and instructed his secretary to notarize the document. Riskowski filed the notarized property statement with the court and sent a copy to opposing counsel. Riskowski did not, however, send a copy of the property statement to his client. Other than the forged signature and fraudulent notarization, the property statement did not contain any false or misleading information.

A grievance against Riskowski was filed by his client. Formal charges were filed against Riskowski in this court, alleging that he violated his oath of office as an attorney and the following provisions of the Code of Professional Responsibility:

DR 1-102 Misconduct.

(A) A lawyer shall not:

(1) Violate a Disciplinary Rule.

. . . .

(4) Engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.

. . . .

(6) Engage in any other conduct that adversely reflects on his or her fitness to practice law.

. . . .
DR 7-101 Representing a Client Zealously.

(A) A lawyer shall not intentionally:

. . . .

(3) Prejudice or damage his or her client during the course of the professional relationship, except as required under DR 7-102(B).

. . . .

DR 7-102 Representing a Client Within the Bounds of the Law.

(A) In his or her representation of a client, a lawyer shall not:

. . . .

(8) Knowingly engage in other illegal conduct or conduct contrary to a Disciplinary Rule.

. . . .

DR 9-102 Preserving Identity of Funds and Property of a Client.

(A) All funds of clients paid to a lawyer or law firm shall be deposited in an identifiable account or accounts maintained in the state in which the law office is situated in one or more state or federally chartered banks, savings banks, savings and loan associations, or building and loan associations insured by the Federal Deposit Insurance Corporation, and no funds belonging to the lawyer or law firm shall be deposited therein except as follows:

(1) Funds reasonably sufficient to pay account charges may be deposited therein.

(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.

## REFEREE'S FINDINGS

A referee was appointed, and a hearing conducted on this matter. In a report filed April 27, 2006, the referee found there

was clear and convincing evidence that Riskowski had violated Canon 1, DR 1-102(A)(1), (4), and (6); Canon 7, DR 7-101(A)(3) and DR 7-102(A)(8); and Canon 9, DR 9-102(A). The referee also concluded that Riskowski had violated his oath of office as provided by Neb. Rev. Stat. § 7-104 (Reissue 1997). The referee recommended that Riskowski be suspended for an indefinite period, with no possibility of reinstatement for 18 months. The referee further recommended that Riskowski's reinstatement be conditioned upon the following:

(1) the payment of all costs of the disciplinary proceeding; (2) successful completion of a law firm management or business practices course, to be approved by Counsel for Discipline; and (3) submission and approval by the court of a probation plan, to be in effect for 2 years following reinstatement, during which his compliance with the Code of Professional Responsibility would be monitored by Counsel for Discipline.

## ASSIGNMENTS OF ERROR

Neither Riskowski nor the Counsel for Discipline takes exception to the factual findings of the referee or the conclusion that Riskowski had violated several provisions of the Code of Professional Responsibility. However, Riskowski does take exception to the recommended sanction and argues that a suspension of not more than 90 days would be appropriate.

## STANDARD OF REVIEW

A proceeding to discipline an attorney is a trial de novo on the record, in which the Nebraska Supreme Court reaches a conclusion independent of the findings of the referee. *State ex rel. Counsel for Dis. v. Muia*, 271 Neb. 287, 711 N.W.2d 850 (2006).

## ANALYSIS

Because neither party has filed exceptions to the referee's findings of fact, we consider them final and conclusive pursuant to Neb. Ct. R. of Discipline 10(L) (rev. 2005). We therefore adopt the referee's findings of fact and conclude that clear and convincing evidence establishes that Riskowski violated DR 1-102(A)(1), (4), and (6); DR 7-101(A)(3); DR 7-102(A)(8); DR 9-102(A); and his oath of office as provided by § 7-104.

Thus, the only issue remaining for this court's determination is the appropriate sanction.

 To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Hogan, ante* p. 19, 717 N.W.2d 470 (2006).

 In determining the appropriate sanction, each attorney discipline case must be evaluated in light of its particular facts and circumstances. In addition, the propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases. *State ex rel. Counsel for Dis. v. Widtfeldt*, 271 Neb. 851, 716 N.W.2d 68 (2006).

Riskowski's conduct consisted of the following: (1) depositing an advance fee into his business account, (2) stipulating to the termination of a client's temporary alimony award without the client's knowledge or consent, (3) failing to inform the client that her temporary alimony had been terminated, and (4) forging a client's signature on a court filing and instructing his secretary to notarize the same.

It is undisputed that Riskowski received and deposited an advance fee into his business account, rather than depositing the fee into his attorney trust account. This conduct constitutes the commingling of client funds, and in similar cases, we have imposed serious sanctions. See, *State ex rel. Counsel for Dis. v. Worthman*, 268 Neb. 665, 686 N.W.2d 586 (2004) (attorney received public reprimand and 1-year probation for failing to deposit advance fee into attorney trust account); *State ex rel. Special Counsel for Dis. v. Fellman*, 267 Neb. 838, 678 N.W.2d 491 (2004) (attorney failed to deposit retainer and cost deposit into his trust account and was given 1-year suspension); *State ex rel. Counsel for Dis. v. Huston*, 262 Neb. 481, 631 N.W.2d 913 (2001) (attorney received 6-month suspension for depositing unearned fees into his personal account). Also disturbing is Riskowski's decision to terminate his client's temporary alimony award without his client's permission. Compare *State ex*

*rel. NSBA v. Pullen*, 260 Neb. 125, 615 N.W.2d 474 (2000) (imposing 18-month sanction based, in part, on attorney's agreeing to child custody modification without client's consent).

Riskowski argues that depositing the unearned advancement fee into his business account, instead of his attorney trust account, was only a "technical violation of the commingling rule" because the fee was eventually earned in full. Brief for respondent at 8. We, of course, do not conclude that Riskowski's conduct was a mere "technical violation." The rule against commingling protects the integrity of the client funds, and we consider it a serious offense when an attorney violates this rule, regardless of whether the fee is eventually earned.

But we find most troubling Riskowski's conduct with regard to preparation of his client's property statement. Riskowski, without his client's consent, forged his client's signature on the property statement and then instructed his secretary to notarize the document. The property statement was then submitted to the court. We have consistently imposed substantial sanctions for conduct of this nature. See, *State ex rel. Counsel for Dis. v. Rokahr*, 267 Neb. 436, 675 N.W.2d 117 (2004) (1-year suspension for knowingly filing a backdated easement); *State ex rel. Counsel for Dis. v. Mills*, 267 Neb. 57, 671 N.W.2d 765 (2003) (2-year suspension based, in part, on altering and falsely acknowledging documents filed in county court).

Riskowski asserts that his act of signing his client's signature and having the document notarized is in some way less reprehensible because the document would have been valid without the client's signature and notarization. We again disagree. Whether a client's signature and an acknowledgment before a notary are required on a document is irrelevant. The fact remains that Riskowski knowingly filed with the court a document containing a forged signature and an inaccurate notarization. A purposeful misrepresentation to a court is itself a serious violation, and Riskowski jeopardized his client's interest and the integrity of the court by doing so.

In addition to considering the sanctions imposed in similar cases, we must also consider any aggravating and mitigating factors. See *State ex rel. Counsel for Dis. v. Sutton*, 269 Neb. 640, 694 N.W.2d 647 (2005). As an aggravating factor, we note

that Riskowski's conduct resulted in a direct pecuniary harm to his client. Specifically, Riskowski's termination of his client's temporary alimony resulted in his client's losing $800 in alimony for the month of December.

We also note as an aggravating factor that on March 15, 2003, Riskowski received a private reprimand from the Counsel for Discipline with regard to a matter in which Riskowski failed to timely perfect his client's appeal in a criminal case or to assist his client in finding alternative representation. Riskowski was privately reprimanded for violations of DR 1-102(A)(1) and (5) and Canon 2, DR 2-110(A)(1) and (2).

In the present case, we recognize that mitigating circumstances exist. The record shows that Riskowski cooperated throughout the course of the disciplinary proceedings, was genuinely remorseful for his behavior, admitted his misconduct, and acknowledged responsibility for his actions. We also acknowledge that Riskowski has taken affirmative steps to ensure that he does not repeat this type of conduct in the future. With the help of his attorney, Riskowski has created a standard fee agreement that informs his clients of the fee arrangement and directs where the funds are to be deposited.

This, however, does not diminish the seriousness of Riskowski's misconduct, particularly his deliberate decision to forge his client's signature and falsely notarize it in an attempt to avoid the consequences of his own neglect of his client's case. When this court considers the cumulative nature of Riskowski's actions, the need to protect the public, the need to deter others from similar conduct, the reputation of the bar as a whole, Riskowski's fitness to practice law, and the aggravating and mitigating circumstances, we conclude that Riskowski should be suspended from the practice of law for a period of 1 year, effective immediately. Upon application for reinstatement, Riskowski shall have the burden of proving that he has not practiced law during the period of suspension and that he has met the requirements of Neb. Ct. R. of Discipline 16 (rev. 2004). In addition, Riskowski's readmission shall be conditioned upon (1) successful completion of a law firm management or business practices course, to be approved by Counsel for Discipline, and (2) submission and approval by the court of a probation plan, to be in

effect for 1 year following reinstatement, during which time his compliance with the Code of Professional Responsibility will be monitored by the Counsel for Discipline.

## CONCLUSION

It is the judgment of this court that Riskowski be suspended from the practice of law for 1 year, beginning immediately. Riskowski's readmission will be contingent upon his compliance with the conditions outlined above, including the submission of a 1-year probationary plan approved by this court. Riskowski shall forthwith comply with rule 16, and upon failure to do so, he shall be subject to punishment for contempt of this court. Accordingly, Riskowski is directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997), rule 10(P), and Neb. Ct. R. of Discipline 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF SUSPENSION AND PROBATION.