[16] *State v. Caddy, supra* note 5.

STATE OF NEBRASKA EX REL. COUNSEL FOR DISCIPLINE OF THE NEBRASKA SUPREME COURT, RELATOR,
v. JEFFREY E. DORTCH, RESPONDENT.
731 N.W.2d 594

Filed May 25, 2007. No. S-07-093.

HEAVICAN, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, MCCORMACK, and MILLER-LERMAN, JJ.

PER CURIAM.

## INTRODUCTION

This is an action brought by the Counsel for Discipline of the Nebraska Supreme Court, relator, seeking the imposition of discipline against respondent, Jeffrey E. Dortch, a member of the Nebraska State Bar Association. On January 25, 2007, the chairperson of the Committee on Inquiry of the Fourth Disciplinary District filed an application pursuant to Neb. Ct. R. of Discipline 12 (rev. 2002), requesting this court to temporarily suspend respondent from the practice of law because his attorney trust account was overdrawn. On February 14, the court entered an order requiring respondent to show cause why his license to practice law should not be suspended based upon the allegations set forth in the application. Respondent did not respond to the show cause order. On March 14, the court entered an order temporarily suspending respondent's license to practice law in this state until further order of the court.

On February 27, 2007, respondent was formally charged with violating certain disciplinary rules and his oath of office as an attorney. Respondent did not file an answer or otherwise respond to the formal charges. Relator moved for judgment on the pleadings pursuant to Neb. Ct. R. of Discipline 10(I) (rev. 2005), and requested that this court enter an appropriate sanction. We determine that the requirements of disciplinary rule 10(I) have been satisfied. Therefore, we grant relator's motion for judgment on the pleadings and order that respondent be disbarred.

## STATEMENT OF FACTS

The substance of the allegations contained in the formal charges may be summarized as follows: Respondent was admitted to the practice of law in the State of Nebraska on September 20, 2001. On February 27, 2007, formal charges were filed by relator against respondent. Count I alleges that on May 19, relator received a letter from Isaac D. Brown alleging that respondent had been appointed to represent Brown in an appeal of a criminal conviction to the Nebraska Court of Appeals and that respondent had failed to file the appellate brief. Relator attempted to contact respondent by letter to gain

respondent's response to Brown's allegations, but respondent failed to respond. Thereafter, in accordance with Neb. Ct. R. of Discipline 9(G) (rev. 2001), relator prepared a complaint, which included allegations regarding respondent's alleged failure to file an appellate brief on behalf of Brown. On December 29, a copy of the complaint was sent to respondent, and respondent was informed he had 10 days to submit a response. Respondent did not submit a response. The formal charges allege that respondent's actions constitute a violation of respondent's oath as an attorney, Neb. Rev. Stat. § 7-104 (Reissue 1997), and the following provisions of Neb. Ct. R. of Prof. Cond. (rev. 2005): rules 1.1 (competence), 1.3 (diligence), 1.4 (communications), and 8.4 (misconduct).

Count II alleges that on June 28, 2006, respondent received notification from an Omaha bank that respondent's attorney trust fund account was overdrawn and that four checks written by respondent on that account had been dishonored due to insufficient funds. On June 29, relator sent respondent notice of the overdrawn status of his trust account and instructed respondent to file a written response explaining why his trust account did not have sufficient funds to honor checks presented against it. Respondent did not respond to relator's letter. Thereafter, in accordance with disciplinary rule 9(G), relator prepared a complaint, which included allegations regarding respondent's attorney trust account. On December 29, a copy of the complaint was sent to respondent, and respondent was informed he had 10 days to submit a response. Respondent did not submit a response. The formal charges allege that respondent's actions constitute a violation of respondent's oath as an attorney and Neb. Ct. R. of Prof. Cond. 1.15 (rev. 2005) (safekeeping property) and rule 8.4.

Under disciplinary rule 10(H), respondent has 30 days from the date of service of the formal charges to file an answer. The court file reflects that respondent was served on March 28, 2007. The court file further reflects that respondent did not file an answer to the formal charges stated above. On April 13, relator moved for judgment on the pleadings pursuant to disciplinary rule 10(I).

## ANALYSIS

Initially, we note that conduct alleged in the formal charges occurred after September 1, 2005. Therefore, this case is governed by the Nebraska Rules of Professional Conduct. Nonetheless, we are guided by the principles previously announced in our prior decisions under the Code of Professional Responsibility.

Disciplinary rule 10(I) provides that if no answer is filed "within the time limited therefor," the matter may be disposed of by the court on its own motion or on a motion for judgment on the pleadings. We determine that the requirements of disciplinary rule 10(I) have been satisfied, and therefore, we grant the relator's motion for judgment on the pleadings. The failure of a respondent to answer the formal charges subjects the respondent to a judgment on the formal charges filed. See *State ex rel. Counsel for. Dis. v. Lechner*, 266 Neb. 948, 670 N.W.2d 457 (2003). We conclude that by virtue of respondent's conduct, respondent has violated the following provisions of the Nebraska Rules of Professional Conduct: rules 1.1, 1.3, 1.4, 1.15, and 8.4. We further conclude that respondent has violated the attorney's oath of office. See § 7-104.

We have stated that "the basic issues in a disciplinary proceeding against a lawyer are whether discipline should be imposed and, if so, the type of discipline appropriate under the circumstances." *State ex rel. Counsel for Dis. v. Petersen*, 272 Neb. 975, 981-82, 725 N.W.2d 845, 850 (2007). Neb. Ct. R. of Discipline 4 (rev. 2004) provides that the following may be considered by the court as sanctions for attorney misconduct: (1) disbarment; (2) suspension for a fixed period of time; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.

With respect to the imposition of attorney discipline in an individual case, we have stated that "each case justifying the discipline of an attorney must be evaluated individually in light of the particular facts and circumstances of that case." *Petersen*, 272 Neb. at 982, 725 N.W.2d at 851. For purposes of determining the proper discipline of an attorney, this court considers the attorney's acts both underlying the events of the case and throughout the proceeding. *Id.*

To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, this court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the offender generally, and (6) the offender's present or future fitness to continue in the practice of law. *State ex rel. Counsel for Dis. v. Riskowski*, 272 Neb. 781, 724 N.W.2d 813 (2006).

We have noted that the determination of an appropriate penalty to be imposed on an attorney requires consideration of any aggravating or mitigating factors. *Petersen, supra.*

Pursuant to the formal charges, to which respondent has failed to respond, respondent has engaged in conduct that has violated several disciplinary rules and his oath of office as an attorney. There is no record in the instant case of any mitigating factors. Under the provisions of the Code of Professional Responsibility, we have previously disbarred attorneys who, similar to respondent, had violated the disciplinary rules regarding trust accounts and failed to cooperate with the Counsel for Discipline during the disciplinary proceedings. See, *State ex rel. Counsel for Dis. v. Watts*, 270 Neb. 749, 708 N.W.2d 231 (2005); *State ex rel. Special Counsel for Dis. v. Brinker*, 264 Neb. 478, 648 N.W.2d 302 (2002); *State ex rel. NSBA v. Howze*, 260 Neb. 547, 618 N.W.2d 663 (2000). We consider such discipline to be appropriate under similar violations of the Nebraska Rules of Professional Conduct.

We have considered the undisputed allegations of the formal charges and the applicable law. Upon due consideration, the court finds that respondent should be disbarred from the practice of law in the State of Nebraska.

## CONCLUSION

The motion for the judgment on the pleadings is granted. It is the judgment of this court that respondent should be disbarred from the practice of law in the State of Nebraska, and we therefore order respondent disbarred, effective immediately. Respondent is directed to comply with Neb. Ct. R. of Discipline 16 (rev. 2004), and upon failure to do so, respondent shall be

subject to punishment for contempt of this court. Respondent is further directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 1997), disciplinary rule 10(P), and Neb. Ct. R. of Discipline 23 (rev. 2001) within 60 days after an order imposing costs and expenses, if any, is entered by this court.

JUDGMENT OF DISBARMENT.