State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Kristin Renee Walz, respondent.
___ N.W.2d ___

Filed August 14, 2015.    No. S-12-275.

1. **Disciplinary Proceedings: Appeal and Error.** In attorney discipline and admission cases, the Nebraska Supreme Court reviews recommendations de novo on the record, reaching a conclusion independent of the referee's findings.
2. **Disciplinary Proceedings.** The basic issues in a disciplinary proceeding against an attorney are whether the Nebraska Supreme Court should impose discipline and, if so, the appropriate discipline under the circumstances.
3. ____. Under Neb. Ct. R. § 3-304, the Nebraska Supreme Court may impose one or more of the following disciplinary sanctions: (1) disbarment; (2) suspension; (3) probation in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.
4. ____. To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance and reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.
5. ____. When determining appropriate discipline, the Nebraska Supreme Court considers aggravating and mitigating factors.
6. ____. The propriety of a sanction in an attorney discipline case must be considered with reference to the sanctions imposed in prior similar cases.

Original action. Judgment of disbarment.

John W. Steele and Kent L. Frobish, Assistant Counsels for Discipline, for relator.

John D. Rouse for respondent.

Heavican, C.J., Wright, Connolly, Stephan, McCormack, Miller-Lerman, and Cassel, JJ.

Per Curiam.

## INTRODUCTION

The issue in this attorney discipline proceeding is what discipline should be imposed on Kristin Renee Walz (Respondent) for violating certain provisions of the Nebraska Rules of Professional Conduct.

Respondent pled no contest and was convicted of a felony. Respondent admits that she was convicted of making terroristic threats, a Class IV felony, pursuant to Neb. Rev. Stat. § 28-311.01 (Reissue 2008). The referee recommended disbarment, and after our review, we conclude that disbarment is the proper sanction.

## BACKGROUND

On September 3, 2010, Respondent was admitted to the practice of law in the State of Nebraska. At the time of the events set forth herein, Respondent was engaged in the private practice of law in Lancaster County, Nebraska.

Respondent was initially charged with second degree domestic assault and use of a weapon to commit a felony. She was accused of assaulting her husband with a knife. The State later amended the charges to first degree assault and use of a deadly weapon to commit a felony. Respondent has consistently denied causing her husband's injuries and has maintained that she was asleep when the injuries occurred.

At some point, Respondent's husband admitted to police that Respondent had cut him with a knife. He later recanted and explained his statement was made while he was sleep deprived, under the influence of drugs, and under pressure by

the police. He also stated that he made the statement to hide the fact that he had acquired drugs illegally and was under the belief that he could simply refuse to press charges. He stated that he was eating cake in bed and was under the influence of pain medication. He claimed he fell asleep, rolled over on the knife, and was injured as a result.

Pursuant to a plea agreement, Respondent pled no contest to one count of making terroristic threats. She was convicted on March 9, 2012, and was sentenced to 1 to 3 years' imprisonment with credit for 55 days served. She began her sentence July 3 and was released on parole in December. Her parole ended in July 2013.

On April 4, 2012, the Committee on Inquiry of the First Judicial District filed an application with this court for temporary suspension of Respondent's license to practice law. We entered an order suspending Respondent until further order of the court. Respondent remains under suspension pursuant to that order.

On October 31, 2012, formal charges were filed against Respondent based upon her felony conviction for making terroristic threats. The charges alleged that Respondent had violated the Nebraska Rules of Professional Conduct by committing a criminal act.

Respondent's answer to the formal charges denied she had violated her oath of office as an attorney or Neb. Ct. R. of Prof. Cond. § 3-508.4(a) and (b). A referee was appointed in January 2013, but due to a joint request to stay the proceedings while Respondent's criminal appeal and postconviction relief were pending, the case did not resume until 2014.

On April 30, 2014, a hearing on the formal charges was commenced. Respondent, her husband, and her treating clinical psychologist, Dr. Caryll Palmer Wilson, testified.

We granted the parties' joint motion to continue the report of the referee pending final resolution of Respondent's criminal charges and a motion to withdraw her plea. Respondent's motion to withdraw her no contest plea was subsequently

overruled. The court also found that postconviction relief was no longer available, because Respondent was no longer in custody and there was no allegation that she was on parole.

On August 18, 2014, the referee filed a report, finding that Respondent's conviction of a felony was a violation of her oath of office as an attorney and, specifically, a violation of § 3-508.4(a) and (b). The referee recommended that Respondent be disbarred.

In mitigation, Respondent asserted that she did not commit an act that harmed the public or her clients, she did not commit an act of dishonesty, she did not show herself to be untrustworthy, and she had diligently and capably represented her clients and their interests. She argued that she should be allowed to practice law in the future because the felony conviction did not render her unfit to practice law.

## ASSIGNMENT OF ERROR

Neither party has taken exception to the report or factual findings of the referee. Therefore, the only issue is the appropriate sanction under the circumstances. Respondent opposes the referee's recommendation and the Counsel for Discipline's request for disbarment.

## STANDARD OF REVIEW

[1,2] In attorney discipline and admission cases, we review recommendations de novo on the record, reaching a conclusion independent of the referee's findings.[1] The basic issues in a disciplinary proceeding against an attorney are whether the Nebraska Supreme Court should impose discipline and, if so, the appropriate discipline under the circumstances.[2]

---

[1] *State ex rel. Counsel for Dis. v. Smith*, 287 Neb. 755, 844 N.W.2d 318 (2014).

[2] *State ex rel. Counsel for Dis. v. Cording*, 285 Neb. 146, 825 N.W.2d 792 (2013).

ANALYSIS

[3] Under Neb. Ct. R. § 3-304, this court may impose one or more of the following disciplinary sanctions: "(1) Disbarment by the Court; or (2) Suspension by the Court; or (3) Probation by the Court in lieu of or subsequent to suspension, on such terms as the Court may designate; or (4) Censure and reprimand by the Court; or (5) Temporary suspension by the Court."

Section 3-508.4 provides that it is professional misconduct for a lawyer to do either of the following: "(a) violate or attempt to violate the Rules of Professional Conduct[,] knowingly assist or induce another to do so[,] or do so through the acts of another [or] (b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness[,] or fitness as a lawyer in other respects."

Respondent strenuously denied committing the crime of making terroristic threats, and her husband, the purported victim of the crime, also insisted that she did not commit a crime against him. He retracted all statements he had previously made to police and claimed that he originally made the statements while under the influence of drugs and sleep deprivation.

Respondent stated she took a plea deal because she feared a prolonged trial and a conviction of a far more serious crime that could result in years of incarceration. She wanted to avoid a lengthy trial because she had a 17-year-old daughter and a seriously ill husband who relied on her for support, and she wanted to avoid the bad publicity a trial would generate because she is an attorney. She claimed to have exculpatory evidence and intended to continue her pursuit to exonerate herself of the crime.

It is not uncommon for one who accepts a plea bargain to make similar claims after the fact. However, it is not our task in this case to determine the innocence or guilt of Respondent, but only the appropriate discipline to be imposed for the

conviction. We are instructed by Neb. Ct. R. § 3-326(A), which states:

> For the purposes of Inquiry of a Complaint or Formal Charges filed as a result of a finding of guilt of a crime, a certified copy of a judgment of conviction constitutes conclusive evidence that the attorney committed the crime, and the sole issue in any such Inquiry should be the nature and extent of the discipline to be imposed.

The certified copy of Respondent's judgment of conviction is conclusive evidence that she was convicted of making terroristic threats, in violation of § 28-311.01. Unless the conviction is vacated, Respondent remains a convicted felon. Therefore, the only issue before us is the discipline to be imposed.

[4] To determine whether and to what extent discipline should be imposed in a lawyer discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance and reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.[3]

Each attorney discipline case must be evaluated individually in light of its particular facts and circumstances.[4] The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.[5]

## Nature of Offense and Deterrence

Offenses involving violence, dishonesty, breach of trust, or serious interference with the administration of justice require

---

[3] *State ex rel. Counsel for Dis. v. Barnes*, 275 Neb. 914, 750 N.W.2d 668 (2008).

[4] *State ex rel. Counsel for Dis. v. Pivovar*, 288 Neb. 186, 846 N.W.2d 655 (2014)**.**

[5] *State ex rel. Counsel for Dis. v. Beltzer*, 284 Neb. 28, 815 N.W.2d 862 (2012).

discipline.[6] Respondent was not convicted of a crime that involved actual physical violence—such as assault, domestic assault, or battery—but, rather, a crime of threatening to commit such violence.[7]

The referee found that the certified copy of Respondent's judgment of conviction was conclusive evidence that she had been convicted of a felony crime of violence. The evidence was clear and convincing that Respondent violated § 3-508.4(b) by committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other aspects.

### Reputation of Bar

This is our first case involving an attorney's conviction for a crime of violence, and the sanction must be tailored to maintain public confidence in the bar community.

### Protection of Public

Respondent's psychologist, Wilson, testified that there was no evidence that Respondent has violent or aggressive tendencies. However, protection of the public is not merely concern for a physical danger to the public. The goal of attorney discipline proceedings is not as much punishment as determination of whether it is in the public interest to allow an attorney to keep practicing law.[8] Therefore, an adequate sanction is necessary to maintain public confidence in the bar.

### Attitude of Respondent

Respondent has remained fully cooperative with the Counsel for Discipline. Such cooperation is always credited to a respondent when we consider sanctions. However, unlike other cases where sanctioned attorneys have acknowledged their misconduct and expressed genuine remorse, Respondent

---

[6] See § 3-508.4, comment 2.

[7] See § 28-311.01.

[8] *State ex rel. Counsel for Dis. v. Sundvold*, 287 Neb. 818, 844 N.W.2d 771 (2014).

insists on her innocence. She intends to pursue ways to exonerate herself. But it is not our task in the instant case to review her conviction. Consequently, Respondent has not accepted responsibility for her actions. As an attorney, Respondent knew or should have known at the time she entered a plea of no contest that a felony conviction would result in severe sanctions.

## FITNESS TO CONTINUE
## PRACTICE OF LAW

Respondent's psychologist, Wilson, began seeing Respondent for therapy in 2008. Respondent needed assistance with learning how to cope with anxiety and other mental health issues. Respondent's IQ falls in the highly superior range. Wilson stated that Respondent shows no signs of aggressive or violent tendencies, or any signs of marital problems or domestic violence.

The referee gave consideration to Wilson's opinion that Respondent showed no aggressive tendencies in her clinical observations. Wilson testified that Respondent will need counseling to resolve these issues and "get back on her feet." Such counseling is needed before Respondent can manage her depression to a point where she would be fit to practice law. Wilson stated that given the circumstances, this would take at least 12 months. Wilson's psychotherapy notes indicate that all the diagnoses regarding Respondent's condition are neurologically based syndromes and that Respondent has acknowledged that she was not fit to practice law. At the time of the referee's report, the evidence indicated that Respondent was not fit to practice law.

## MITIGATING FACTORS

[5] When determining appropriate discipline, the Nebraska Supreme Court considers aggravating and mitigating factors.[9] We note that there are some mitigating factors. The referee

---

[9] *State ex rel. Counsel for Dis. v. Palik*, 284 Neb. 353, 820 N.W.2d 862 (2012).

found that Respondent has been fully cooperative with the Counsel for Discipline.

The referee also noted several letters and affidavits from attorneys and former clients in support of Respondent, including evidence of pro bono legal work that she did before being suspended. The referee stated that Respondent has exhibited extraordinary compassion and dedication in representing indigent persons and persons of limited means.

Prior to her conviction and suspension, Respondent was in good standing and had no prior complaints, misconduct, or criminal history. However, in contrast to prior discipline cases in which an attorney's conduct was shown to be an isolated incident in a lengthy and otherwise unblemished career, Respondent was in practice approximately 6 months before the misconduct occurred. She was admitted to practice on September 3, 2010, and the misconduct which resulted in her conviction occurred on February 12, 2011.

## Prior Cases

[6] The propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.[10] There are few Nebraska cases of attorney discipline involving felony convictions, and none which involves a crime of violence. Some of our past attorney discipline cases have involved drug offenses,[11] fraudulent activity,[12] theft from clients,[13] conspiracy or aiding and abetting in a felony,[14] and

---

[10] *State ex rel. Counsel for Dis. v. Connor*, 289 Neb. 660, 856 N.W.2d 570 (2014).

[11] *State ex rel. Counsel for Dis. v. Hubbard*, 276 Neb. 741, 757 N.W.2d 375 (2008); *State ex rel. NSBA v. Brown*, 251 Neb. 815, 560 N.W.2d 123 (1997).

[12] *State ex rel. Counsel for Dis. v. Council*, 289 Neb. 33, 853 N.W.2d 844 (2014).

[13] *State ex rel. Counsel for Dis. v. Tarvin*, 279 Neb. 399, 777 N.W.2d 841 (2010).

[14] *State ex rel. Counsel for Dis. v. Wintroub*, 277 Neb. 787, 765 N.W.2d 482 (2009).

sexual offenses.[15] Although we have not stated a "bright line rule," our case law involving discipline for felony convictions indicates that such a conviction reflects adversely upon a lawyer's fitness to practice law and that disbarment is considered to be the appropriate sanction.

Respondent cites to the sanction we imposed in *State ex rel. Counsel for Dis. v. Mills*,[16] where we allowed an attorney, Stuart B. Mills, to be reinstated after serving a 2-year suspension for falsely notarizing documents and assisting a client in filing false tax returns based upon those documents. While on suspension, Mills was convicted in federal court of a felony involving the same false documents. We later reinstated Mills, despite the felony, because we had already sanctioned him for the conduct notwithstanding the felony conviction and, also, in light of the mitigating factors present in that case. We noted:

> It is clear from the record that Mills' behavior surrounding his handling of the [case] was an isolated incident in what has otherwise been an exemplary legal career. The record indicates that Mills is involved in his community and has countless letters of support from judges, lawyers, and laypersons. In addition, Mills has never been disciplined in the 30 years he has been authorized to practice law in Nebraska.
>
> . . . Furthermore, Mills has admitted his wrongdoing and has admitted that he engaged in conduct which violates the Code of Professional Responsibility.[17]

Unlike the attorney in *Mills*, Respondent had not received a sanction for the conduct leading to her conviction. Nor does

---

[15] *State ex rel. Counsel for Dis. v. Lauby*, 270 Neb. 405, 703 N.W.2d 132 (2005) (child sexual assault); *State ex rel. NSBA v. Mellor*, 252 Neb. 710, 565 N.W.2d 727 (1997) (child pornography).

[16] *State ex rel. Counsel for Dis. v. Mills*, 267 Neb. 57, 671 N.W.2d 765 (2003).

[17] *Id*. at 71, 671 N.W.2d at 776.

the instant case involve the mitigating circumstances we found in *Mills*.

## SANCTION

Because this is the first attorney discipline case in Nebraska involving a felony conviction for a crime of violence, it is necessary to convey the serious consequences that attach to such misconduct. Although no clients were harmed by Respondent's misconduct, an attorney's conviction of a felony for a crime of violence requires a severe sanction.

It is clear that the stress caused by the inability to practice law has produced much anxiety for Respondent. However, this does not excuse the seriousness of her misconduct. Although Respondent may not be a danger to others, her felony conviction for a crime of violence damages the reputation of the bar and threatens public confidence in the profession. There is a need for sanctions to deter crimes of violence by members of the bar.

## CONCLUSION

It is the judgment of this court that Respondent should be and hereby is disbarred from the practice of law in Nebraska, effective immediately. Respondent shall comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, she shall be subject to punishment for contempt of this court. Respondent is also directed to pay costs and expenses in accordance with Neb. Rev. Stat. §§ 7-114 and 7-115 (Reissue 2012) and Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323(B) of the disciplinary rules within 60 days after the order imposing costs and expenses, if any, is entered by the court.

JUDGMENT OF DISBARMENT.