Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
06/19/2020 09:09 AM CDT

- 396 -

**Nebraska Supreme Court Advance Sheets
305 Nebraska Reports**
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

**State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator, v.
Evangelos A. Argyrakis, respondent.**

\_\_\_ N.W.2d \_\_\_

Filed March 27, 2020.     No. S-19-059.

1. **Disciplinary Proceedings.** Because attorney discipline cases are original proceedings before the Nebraska Supreme Court, the court reviews a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.
2. **Disciplinary Proceedings: Rules of the Supreme Court.** Under Neb. Ct. R. § 3-304, the Nebraska Supreme Court may impose one or more of the following disciplinary sanctions: (1) disbarment; (2) suspension; (3) probation, in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.
3. **Disciplinary Proceedings.** To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, the Nebraska Supreme Court considers the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.
4. \_\_\_\_. Each attorney discipline case must be evaluated in light of its particular facts and circumstances.
5. \_\_\_\_. For purposes of determining the proper discipline of an attorney, the Nebraska Supreme Court considers the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.
6. \_\_\_\_. In attorney discipline cases, the propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.

- 397 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

Original action. Judgment of disbarment.

Julie L. Agena, Assistant Counsel for Discipline, for relator.

Evangelos A. Argyrakis, pro se.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, STACY, FUNKE, PAPIK, and FREUDENBERG, JJ.

PER CURIAM.

## NATURE OF CASE

The issue in this attorney discipline proceeding is what discipline should be imposed on Evangelos A. Argyrakis for violating the Nebraska Rules of Professional Conduct.

Argyrakis pleaded no contest to knowing and intentional abuse, neglect, or exploitation of a vulnerable adult or senior adult, a Class IIIA felony. At the plea hearing, when asked for a factual basis for the plea, the prosecutor said that if the matter proceeded to trial, the State would show that Argyrakis, in the course of a verbal argument, repeatedly punched his 83-year-old father in the face, resulting in observable injuries. Neither Argyrakis nor his counsel objected to the factual basis.

The referee recommended disbarment, and after our review, we conclude that disbarment is the proper sanction.

## BACKGROUND

*Procedural History.*

Argyrakis was admitted to the practice of law in Nebraska on September 14, 1992. At all times relevant to these proceedings, he was licensed to practice law in the State of Nebraska.

Argyrakis was initially charged in the district court for Douglas County with strangulation, a Class IIIA felony. The information, filed May 10, 2018, identified the victim as Argyrakis' father and alleged that the crime took place on April 8.

- 398 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

On June 25, 2018, the relator hand-delivered to Argyrakis a letter notifying him that he was under investigation in connection with the pending criminal case and asking him to provide a written response within 15 working days. A few days later, Argyrakis sent an email to the relator in which he stated that "[t]his matter was a domestic dispute where I was not the aggressor." He requested that the relator await the conclusion of the criminal proceedings before continuing the investigation. The relator notified Argyrakis that any further action would be withheld until the criminal case was resolved, but also asked that Argyrakis advise the relator as to the status of the case.

On September 24, 2018, Argyrakis pleaded no contest to an amended information charging him with knowing and intentional abuse, neglect, or exploitation of a vulnerable adult or senior adult, a Class IIIA felony. The amended information again identified the victim as Argyrakis' father and alleged that the crime was committed on April 8. He was sentenced to 3 years' probation, with terms that included chemical testing and a mental health evaluation. Argyrakis failed to report the plea and sentencing to the relator.

After the Committee on Inquiry of the Second Judicial District concluded that there were reasonable grounds for discipline of Argyrakis and that the public interest would be served by the filing of formal charges, formal charges were filed against Argyrakis on January 23, 2019. The formal charges alleged that Argyrakis had violated the Nebraska Rules of Professional Conduct by committing a criminal act that reflected adversely on his honesty, trustworthiness, or fitness as a lawyer in other respects. Argyrakis filed an answer to the formal charges in which he admitted allegations regarding the fact of his conviction and sentence, but failed to either admit or deny whether he violated the Nebraska Rules of Professional Conduct.

- 399 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

*Hearing.*

On May 3, 2019, a hearing on the formal charges was commenced. Argyrakis represented himself at the hearing.

The relator offered certified copies of documents reflecting the charges, plea agreement, and sentence in the criminal case. The relator also called Argyrakis to testify. In his testimony, Argyrakis admitted that he pleaded no contest to and was found guilty of vulnerable adult abuse against his father. Argyrakis denied that he was convicted of a crime of violence, because, in his words, he "was not the aggressor." Argyrakis also acknowledged that since 2010, he had seen five different doctors for mental health therapy and medication management; that he had undergone two mental health evaluations, one prior to the April 2018 incident and one after; and that he was currently taking three different medications for mental health issues.

After being questioned by counsel for the relator, Argyrakis made a statement under oath. He stated that during his childhood, his father physically and emotionally abused him and that he witnessed his father physically abusing his mother. He testified to his belief that he had always represented clients diligently and effectively and that no clients had ever complained about his services. He also testified that he did not intend to harm his father, that he had attempted to get help for the circumstances that led to the incident, and that he did not believe a similar incident would happen again.

Argyrakis also called Regina Schulze to testify. Schulze, a licensed independent mental health professional, testified that she began providing weekly mental health counseling to Argyrakis in December 2018. Schulze diagnosed Argyrakis with depressive disorder, panic disorder, and post-traumatic stress disorder. She testified to her opinion that these issues contributed to the incident between Argyrakis and his father and that she did not expect any physical altercations in the future. On cross-examination, she admitted that she based these

- 400 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

conclusions solely upon information provided by Argyrakis and that she had not reviewed any of his prior medical records, mental health evaluations, or other documentation concerning his condition.

Following the close of evidence, the referee directed the parties to file briefs addressing whether Argyrakis was convicted of a crime of violence. The referee expressed hesitation as to whether the crime of abuse of a vulnerable adult would always constitute a crime of violence. In particular, the referee observed that the crime could be committed through neglect or exploitation, and he noted that it was not clear that would amount to a crime of violence.

On May 9, 2019, the relator filed a motion to reopen the record. The relator sought to supplement the record with the transcript of the plea proceedings in Argyrakis' criminal case. The relator contended it was relevant to the issue of whether Argyrakis committed a crime of violence. The referee took the motion under advisement, but allowed the relator to conditionally proceed with the evidence.

When allowed to proceed with evidence, the relator introduced the transcript of the proceeding in which Argyrakis entered his plea in the criminal case. At that proceeding, the prosecutor said that the State was pursuing the charge against Argyrakis on the ground that he physically injured his father. Further, when asked for the factual basis for the plea, the prosecutor stated that if the matter proceeded to trial, the evidence would show that during an argument between Argyrakis and his 83-year-old father, Argyrakis repeatedly punched his father in the face, causing observable injuries. Neither Argyrakis nor his counsel objected to the factual basis for the plea, and Argyrakis stated on the record that he was satisfied with the representation provided by his counsel.

The referee later granted the motion to reopen the record.

*Referee's Report.*

The referee filed a report and recommendation. The referee found, by clear and convincing evidence, that Argyrakis

- 401 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

violated Neb. Ct. R. of Prof. Cond. § 3-508.4(b) (rev. 2016) and his oath of office as an attorney.

The referee specifically analyzed whether Argyrakis was convicted of a crime of violence. The referee concluded such analysis was necessary based on his understanding that this court ruled in *State ex rel. Counsel for Dis. v. Walz*[1] that disbarment is the appropriate sanction for conviction of a felony crime of violence "absent extraordinary mitigation." The referee concluded that Argyrakis was convicted of a crime of violence.

The referee also considered potential mitigating circumstances. He found that Argyrakis' lack of a prior disciplinary record in over 25 years of practice was a mitigating circumstance. He found that Argyrakis had not accepted responsibility for his misconduct and that thus, that was not available as a mitigating circumstance. He also found that Argyrakis' mental health diagnosis should not be considered in mitigation. The referee explained that under *State ex rel. Counsel for Dis. v. Thompson*,[2] in order for mental health to be considered in mitigation, Argyrakis was required to show (1) medical evidence that he is affected by a mental health condition, (2) that the condition was a direct and substantial contributing cause to the misconduct, and (3) that treatment of the condition will substantially reduce the risk of further misconduct. The referee concluded that Argyrakis had not made the required showing under *Thompson*, explaining little weight could be afforded to Schulze's opinions that a mental health issue caused his misconduct and that treatment of the condition would substantially reduce the risk of further misconduct, because those opinions were formed solely on the basis of self-reporting by Argyrakis.

The referee recommended disbarment.

---

[1] *State ex rel. Counsel for Dis. v. Walz*, 291 Neb. 566, 869 N.W.2d 71 (2015).

[2] *State ex rel. Counsel for Dis. v. Thompson*, 264 Neb. 831, 652 N.W.2d 593 (2002).

- 402 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

## ASSIGNMENT OF ERROR

Neither party has taken exception to the report of the referee. Therefore, the only issue is the appropriate sanction under the circumstances. Argyrakis opposes the referee's recommendation and the relator's request for disbarment.

## STANDARD OF REVIEW

[1] Because attorney discipline cases are original proceedings before this court, we review a referee's recommendations de novo on the record, reaching a conclusion independent of the referee's findings.[3]

## ANALYSIS

Neither party filed exceptions to the referee's report and recommendation. In those circumstances, the court may, at its discretion, adopt the findings of the referee as final and conclusive.[4] We therefore adopt the referee's findings that clear and convincing evidence establishes that Argyrakis violated § 3-508.4(b) and his oath of office as an attorney. The only issue remaining for this court's consideration is the appropriate sanction.

[2-6] Under Neb. Ct. R. § 3-304, this court may impose one or more of the following disciplinary sanctions: (1) disbarment; (2) suspension; (3) probation, in lieu of or subsequent to suspension, on such terms as the court may designate; (4) censure and reprimand; or (5) temporary suspension.[5] To determine whether and to what extent discipline should be imposed in an attorney discipline proceeding, we consider the following factors: (1) the nature of the offense, (2) the need for deterring others, (3) the maintenance of the reputation of the bar as a whole, (4) the protection of the public, (5) the attitude of

---

[3] *State ex rel. Counsel for Dis. v. Gast*, 296 Neb. 687, 896 N.W.2d 583 (2017).

[4] Neb. Ct. R. § 3-310(L) (rev. 2014).

[5] *State ex rel. Counsel for Dis. v. Nimmer*, 300 Neb. 906, 916 N.W.2d 732 (2018).

- 403 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

the respondent generally, and (6) the respondent's present or future fitness to continue in the practice of law.[6] Each attorney discipline case must be evaluated in light of its particular facts and circumstances.[7] For purposes of determining the proper discipline of an attorney, we consider the attorney's actions both underlying the events of the case and throughout the proceeding, as well as any aggravating or mitigating factors.[8] Furthermore, the propriety of a sanction must be considered with reference to the sanctions imposed in prior similar cases.[9] We will proceed to consider each of these issues in turn.

*Consideration of Traditional Sanction Factors.*

In *Walz*, we discussed how the factors we regularly consider in formulating an appropriate sanction for attorney misconduct apply when an attorney is convicted of a crime of violence.[10] In the course of discussing the nature of the offense and the need for deterrence, we observed that offenses involving violence require discipline and that the sanction must be tailored to maintain public confidence in the bar.[11] We also noted that the factor requiring consideration of protection of the public is not merely concern for a physical danger to the public, but also requires consideration of whether it is in the public interest to allow an attorney who has committed a crime of violence to keep practicing law. Finally, we emphasized that even if no clients are harmed, "an attorney's conviction of a felony for a crime of violence requires a severe sanction."[12]

---

[6] *State ex rel. Counsel for Dis. v. Jorgenson*, 302 Neb. 188, 922 N.W.2d 753 (2019).

[7] *Nimmer, supra* note 5.

[8] *Id.*

[9] *Id.*

[10] *Walz, supra* note 1.

[11] *Id.* (citing § 3-508.4, comment 2).

[12] *Id.* at 576, 869 N.W.2d at 77.

- 404 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

The foregoing discussion from *Walz* regarding the appropriate sanction when an attorney is convicted of a crime of violence is applicable in this case. We classified the conviction at issue in *Walz* as a crime of violence when it did not involve actual physical violence, but the threat to commit such violence. Here, the factual basis offered for Argyrakis' no contest plea, to which Argyrakis did not object, was that Argyrakis committed an act of actual physical violence by repeatedly punching his 83-year-old father in the face.

This case is similar to *Walz* with respect to another traditional factor bearing on the appropriate sanction—the attitude of the respondent. In *Walz*, the attorney insisted on her innocence despite entering a no contest plea to making terroristic threats. We stated that it was not our task to review a criminal conviction in attorney disciplinary proceedings and that because the respondent insisted on her innocence, she had not accepted responsibility for her actions. For similar reasons, we cannot say that Argyrakis has accepted responsibility in this case. Although Argyrakis seems to concede that he did, in fact, inflict physical violence on his elderly father, throughout the proceedings, he has attempted to minimize his culpability by insisting that he was not the aggressor in the encounter and that his actions were in self-defense. As in *Walz*, it is not our task to review the conviction. And rather than accepting responsibility for that conviction, Argyrakis is attempting to assign at least partial responsibility for it to others.

*Consideration of Mitigating Factors.*

Also relevant to the appropriate sanction in an attorney discipline case is the existence of any mitigating factors. Here, the referee found one mitigating factor: the absence of any prior disciplinary issues in Argyrakis' over 25 years of practice. We agree with the referee that this is a factor to be considered in mitigation.

We also do not disagree with the referee's conclusion that Argyrakis' mental health issues were entitled to little weight in

- 405 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

mitigation. In *Thompson*, we held that in order for depression to be considered as a mitigating circumstance, the respondent must show (1) medical evidence that he or she is affected by depression, (2) that the depression was a direct and substantial contributing cause to the misconduct, and (3) that treatment of the depression will substantially reduce the risk of further misconduct.[13] We see no reason not to require the same showing in order to consider other mental health conditions as a mitigating circumstance.

Argyrakis attempted to introduce evidence of his mental health issues through Schulze. And though Schulze testified that she had diagnosed Argyrakis with mental health conditions, that she believed those conditions caused his misconduct, and that treatment of those conditions would reduce the risk of further misconduct, we agree with the referee that there are compelling reasons that this testimony should be accorded little weight. Schulze did not begin seeing Argyrakis until after the incident underlying his criminal conviction. And despite Argyrakis' acknowledgment that he had been treated by multiple doctors for mental health issues several years before the incident and that he had undergone mental health evaluations before and after the incident, Schulze did not consider any of this information in forming her opinions. Rather, she admitted that her opinions were based solely on information reported by Argyrakis. Because Schulze's opinions were formed without considering what would seem to be highly relevant information and mindful of the fact that the referee heard and observed Schulze during her testimony and determined that it should be given little weight,[14] we find that Argyrakis has not made the required showing to allow his mental health issues to be considered in mitigation.

---

[13] *Thompson, supra* note 2.

[14] See *State ex rel. NSBA v. McArthur*, 257 Neb. 618, 599 N.W.2d 592 (1999) (while attorney discipline proceeding is trial de novo on record, court may give weight to referee's findings on matters of disputed fact).

- 406 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

In his brief before us and at oral argument, Argyrakis contended that other factors should be considered in mitigation. He claimed that he was not the aggressor in the incident with his father and that the decision to prosecute him was politically motivated. We see no other mitigating factors. As noted above, it is not our function to review his conviction. Further, there is no evidence in the record supportive of his theory of a politically motivated prosecution.

*Comparison to Prior Cases.*

Each attorney discipline case must be evaluated individually in light of its particular facts and circumstances.[15] In addition, the propriety of a sanction must also be considered with reference to the sanctions imposed in prior similar cases.[16] *Walz* appears to be the only truly similar prior case for us to consider here. In *Walz*, we noted that there are few Nebraska cases of attorney discipline involving felony convictions of any kind and that *Walz* was the first case to involve a crime of violence.[17]

In *Walz*, the respondent was first charged with second degree domestic assault and use of a weapon to commit a felony. The State alleged that she assaulted her husband with a knife. Pursuant to a plea agreement, the respondent pleaded no contest to one count of making terroristic threats. The respondent maintained her innocence. We found that her felony conviction for a crime of violence damaged the reputation of the bar and threatened public confidence in the profession. We disbarred the respondent from the practice of law.

This case bears a number of similarities to *Walz*. Like the respondent in *Walz*, Argyrakis pleaded no contest to a felony crime of violence. And like the respondent in *Walz*, Argyrakis did not accept responsibility for his conviction.

---

[15] *State ex rel. Counsel for Dis. v. Riskowski*, 272 Neb. 781, 724 N.W.2d 813 (2006).

[16] *Id.*

[17] *Walz, supra* note 1.

- 407 -

Nebraska Supreme Court Advance Sheets
305 Nebraska Reports
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

There are, to be sure, differences between this case and
*Walz*. As Argyrakis points out, the respondent in *Walz* also
had no prior disciplinary history, but we pointed out that she
had been in practice for only about 6 months before the mis-
conduct occurred. This is obviously entitled to less weight
than Argyrakis' over 25 years of practice without discipli-
nary issues. In addition, there was explicit testimony from
the respondent's psychologist in *Walz* that she was not, at that
time, fit to practice law. No similar testimony was offered in
Argyrakis' case.

But not all of the differences between this case and *Walz*
tilt in Argyrakis' favor. As we have previously noted, the
conviction in *Walz* was for making threats to use violence,
while the conviction here involves actual physical violence
on an elderly person. Further, the conviction in this case was
for a Class IIIA felony, more serious than the Class IV felony
in *Walz*. In addition, although both the respondent in *Walz*
and Argyrakis did not accept responsibility for their convic-
tions, the respondent in *Walz* was found to be fully coop-
erative with the Counsel for Discipline. The same cannot be
said for Argyrakis. Argyrakis failed to notify the Counsel for
Discipline that he had entered a plea and been sentenced in
his criminal case, despite the request to keep the Counsel for
Discipline informed.

In sum, this case is highly similar to *Walz* and any differ-
ences that cut in favor of a less serious sanction are counter-
balanced by differences that cut in the opposite direction.

*Sanction.*

In *Walz*, we observed that while we have not stated a
"'bright line rule,'"[18] our cases regarding the appropriate disci-
pline for felony convictions have generally concluded that such
convictions reflect adversely upon a lawyer's fitness to practice
law and that disbarment is the appropriate sanction. As in *Walz*,
we believe it is necessary to convey the serious consequences

---

[18] *Id.* at 575, 869 N.W.2d at 77.

- 408 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
305 NEBRASKA REPORTS
STATE EX REL. COUNSEL FOR DIS. v. ARGYRAKIS
Cite as 305 Neb. 396

that attach to a conviction for a crime of violence. Such a conviction damages the reputation of the bar and threatens public confidence in the profession. For these reasons, we conclude, after considering the appropriate factors, that disbarment is the appropriate sanction in this case.

## CONCLUSION

Argyrakis violated § 3-508.4(b) (misconduct) and his oath of office as an attorney. It is the judgment of this court that Argyrakis is disbarred from the practice of law in the State of Nebraska, effective immediately. He is directed to comply with Neb. Ct. R. § 3-316 (rev. 2014), and upon failure to do so, he shall be subject to punishment for contempt.

JUDGMENT OF DISBARMENT.